UNITED STATES ARMY COURT OF CRIMINAL APPEALS

 Before
 JOHNSON, COOK, and BURTON
 Appellate Military Judges

 UNITED STATES, Appellee
 v.
 Sergeant ANDRE K. HARDAWAY III
 United States Army, Appellant

 ARMY 20100139

 Headquarters, 10th Mountain Division (Light Infantry) & Fort Drum
 Andrew J. Glass, Military Judge
 Colonel Michael O. Lacey, Staff Judge Advocate

For Appellant: Colonel Mark Tellitocci, JA; Lieutenant Colonel Imogene M. Jamison, JA; Major Laura
R. Kesler, JA; Captain Matthew T. Grady, JA (on brief and reply brief).

For Appellee: Colonel Michael E. Mulligan, JA; Major Amber J. Williams, JA; Major Ellen S.
Jennings, JA; Captain Edward Whitford, JA (on brief).

 26 August 2011

 ----------------------------------
 MEMORANDUM OPINION
 ----------------------------------

 This opinion is issued as an unpublished opinion and, as such, does not serve as precedent.

Per Curiam:

 A military judge, sitting as a special court-martial, convicted appellant, pursuant to his
pleas, of larceny in violation of Article 121, Uniform Code of Military Justice, 10 U.S.C. § 921
(2008) [hereinafter UCMJ], and bank fraud in violation of 18 U.S.C. § 1344 as made punishable by
Clause 3 of Article 134, UCMJ. The military judge sentenced appellant to a bad-conduct discharge,
confinement for six months, and reduction to the grade of E-1. In accordance with a pretrial
agreement, the convening authority reduced the sentence of confinement to ninety days and approved
the remainder of the sentence.

 Appellant raised four assignments of error, one of which merits discussion. Appellant
alleges, inter alia, that he was never informed of his right to request deferral and waiver of
automatic forfeitures and if he was, he would have done so. As a result, appellant claims that he
is entitled to a new post-trial review and action because his trial defense counsel was ineffective.
 We disagree.

 BACKGROUND

 Using a pre-packaged Post-Trial and Appellate Rights form (PTAR), CPT M.E. discussed some of
appellant’s post-trial rights with him. The PTAR used by CPT M.E. advised appellant that Article
58b, UCMJ, requires automatic forfeitures, but the PTAR misadvised appellant that in his case, which
was referred to a special court-martial, those forfeitures amounted to his total pay and allowances.
 The PTAR further stated that appellant could request from the convening authority a deferral of
those forfeitures. However, the PTAR omitted any reference to appellant’s right to request that the
convening authority waive forfeitures for the benefit of appellant’s family members.[1]

 At appellant’s court-martial, the military judge reviewed appellant’s PTAR and asked appellant:

 Did your defense counsel explain to you that under Rules for Courts-Martial 1105 and 1106 you
 may submit any matters to the convening authority to include, but not limited to personal
 letters and documents; letters and documents from any other persons; requests for deferment
 and waiver of forfeiture; request[s] for deferment and [disapproval] of confinement; and any
 other matter you desire for the convening authority to consider before taking action on your
 case?

Appellant answered in the affirmative, indicating that he had been advised of these post-trial
rights by CPT M.E.[2]

 In his affidavit to this Court, appellant states just the opposite, that CPT M.E. never told
him that he could ask the convening authority to defer or waive his automatic forfeitures:

 My trial defense counsel never told me that I could ask the convening authority to defer my
 automatic forfeitures until initial action. My trial defense counsel also never told me that
 I could ask the convening authority to waive my automatic forfeitures for six months or for
 the duration of my period of confinement, whichever is less, and that this money could be
 paid directly to my dependents. If I had known that I could ask the convening authority to
 defer and waive my automatic forfeitures, I would have asked my trial defense counsel to do
 so to ensure my dependents had sufficient financial support while I was confined.

Appellant further states that CPT M.E. knew that appellant was the “sole means of financial support”
for his wife and child, and that they would be adversely affected if his military pay was forfeited.

 Pursuant to an order from this court, CPT M.E. confirmed in a sworn affidavit that he did not
submit a request to the convening authority to defer or waive appellant’s automatic forfeitures.
CPT M.E. explained, “I did not submit a request for deferral or waiver of forfeitures on behalf of
[appellant] because [he] never asked me to submit such a request.” CPT M.E. further stated that he
explained to appellant his option to request deferral and waiver of forfeitures on two different
occasions. On the first occasion, CPT M.E. stated that when he explained this course of action,
appellant told him “that he and Mrs. Hardaway had family in the area that would provide assistance
and that they could rely on their church, where [appellant] was a minister.” Appellant then became
angry with CPT M.E. and told him just to worry about keeping appellant from being confined. In his
affidavit, CPT M.E. stated that the second time he explained appellant’s option to request a
deferral or waiver of automatic forfeitures, “[Appellant] responded by telling me again that he did
not want to go to jail. I asked [him] whether he wanted me to submit anything else for him or his
family, and he again indicated that he wanted me to ‘keep [him] out of jail.’”

 LAW AND DISCUSSION

 We reject appellant’s claim of ineffective post-trial representation. Appellant is of course
correct when he avers that his trial defense counsel did not “assist [appellant] with requesting
deferral and waiver of automatic forfeitures for the benefit of his dependants.” However, we
conclude that appellant understood his post-trial rights, decided not to request either deferral or
waiver of his automatic forfeitures, and, therefore, has failed to demonstrate his trial defense
counsel’s performance was deficient.

 The Sixth Amendment guarantees an accused the right to the effective assistance of counsel.
U.S. Const. amend. VI; United States v. Gooch, 69 M.J. 353, 361 (C.A.A.F. 2011) (citing United
States v. Gilley, 56 M.J. 113, 124 (C.A.A.F. 2001)). In the military, this guarantee extends to
assistance with the post-trial phase of a court-martial. United States v. Lee, 52 M.J. 51, 52
(C.A.A.F. 1999). We review de novo claims that an appellant did not receive the effective
assistance of counsel. United States v. Mazza, 67 M.J. 470, 475 (C.A.A.F. 2009). “In assessing the
effectiveness of counsel we apply the standard set forth in Strickland v. Washington, 466 U.S. 668,
687 (1984), and begin with the presumption of competence announced in United States v. Cronic, 466
U.S. 648, 658 (1984).” Gooch, 69 M.J. at 361. To overcome the presumption of competence, the
Strickland standard requires appellant to demonstrate “both (1) that his counsel’s performance was
deficient, and (2) that this deficiency resulted in prejudice.” United States v. Green, 68 M.J. 360,
361 (C.A.A.F. 2010) (citing Strickland, 466 U.S. at 687).

 This Court applies a three-part test to determine whether the presumption of competence has
been overcome:

 1. Are the allegations true, and, if so, is there any reasonable explanation for counsel’s
 actions?

 2. If the allegations are true, did counsel’s performance fall measurably below expected
 standards?

 3. Is there a reasonable probability that, absent the errors, there would have been a
 different outcome?

United States v. Polk, 32 M.J. 150, 153 (C.M.A. 1991). In the context of a post-trial claim for
ineffectiveness, our superior court has modified the third step, requiring only that there be some
colorable showing of possible prejudice. Lee, 52 M.J. at 53 (citing United States v. Wheelus, 49
M.J. 283, 289 (C.A.A.F. 1998).

 Assessing the truth of appellant’s factual allegations under the first part of the Polk test
raises an important procedural issue. “When, as here, an appellant submits a declaration under
penalty of perjury averring his trial defense counsel never advised him of his opportunity to submit
a request to waive [or defer] forfeitures, we must determine whether the claim of ineffectiveness of
counsel can be resolved without recourse to a post-trial evidentiary hearing.” United States v.
Fordyce, 69 M.J. 501, 503 (Army Ct. Crim. App. 2010). See United States v. DuBay, 17 U.S.C.M.A.
147, 37 C.M.R. 411 (C.M.A. 1967). As a rule, we cannot decide a disputed question of fact “in a
post-trial claim, solely or in part on the basis of conflicting affidavits submitted by the
parties.” United States v. Ginn, 47 M.J. 236, 243 (C.A.A.F. 1997). However, in cases where the
record of trial compellingly demonstrates the improbability of the facts supporting the appellant’s
post-trial claim of ineffectiveness, this Court “may discount those factual assertions and decide
the legal issue.” Ginn, 47 M.J. at 248. Additionally, if the factual assertions “allege an error
that would not result in relief even if any factual dispute were resolved in appellant’s favor,”
then the conflict may be ignored and the legal issue decided. Id.

 In this case, there is a conflict between CPT M.E.’s and appellant’s affidavits. Appellant
states in his affidavit that CPT M.E. never informed him that he could ask for a deferral or waiver
of his automatic forfeitures. CPT M.E., on the other hand, states that he did advise appellant of
that option. We conclude that appellant’s factual allegations must be discounted because the record
compellingly demonstrates their improbability.

 The factual admissions within the record of trial directly contradict the factual assertions
made in appellant’s affidavit. Together, the PTAR and appellant’s colloquy with the military judge
establish that appellant was advised of his option to request both deferral and waiver of automatic
forfeitures. The PTAR explicitly advised that appellant was entitled to request from the convening
authority a deferral of his forfeitures. Furthermore, the mistake in the PTAR, notifying appellant
that he may be subject to total forfeitures, does not somehow invalidate the subsequent notification
that he could request to defer those forfeitures. If anything, it served to highlight the potential
importance of requesting a deferral of forfeitures. However, the PTAR is silent with regard to
appellant’s option to request that the convening authority waive the automatic forfeitures.
Nevertheless, appellant’s discussion with the military judge proves that appellant was advised of
this right. As recommended in the Military Judge’s Benchbook, Dep’t of Army, Pam. 27-9, Legal
Services: Military Judges’ Benchbook, para. 2-6-14 (1 January 2010), the military judge specifically
asked appellant if he had been advised about his right to request waiver of his automatic
forfeitures. Appellant indicated that he had been so advised. Therefore, the record establishes
appellant was advised not only of his right to request deferral of forfeitures, but also of his
right to request waiver of those forfeitures. Accordingly, we conclude that the record compellingly
demonstrates that appellant’s claim of ignorance about his post-trial options is improbable, and,
consequently, CPT M.E.’s performance was not deficient in this regard.

 Furthermore, it is undisputed that appellant did not ask CPT M.E. to submit a request for
deferral or waiver of his automatic forfeitures. Therefore, after discounting appellant’s claim
that he was not advised of his post-trial options, we are left with appellant’s naked assertion that
his defense counsel should have sua sponte requested deferral or waiver of forfeitures on
appellant’s behalf. However, the mere failure to submit a request to a convening authority for
deferral or waiver of forfeitures does not, by itself, constitute ineffective assistance of counsel.
 It is well-established that this Court will not second-guess strategic decisions made by defense
counsel. United States v. Mazza, 67 M.J. 470, 475 (C.A.A.F. 2009). This is especially true where,
as in this case, appellant did not want his trial defense counsel to submit such a request, but
rather to focus on deferring confinement and disapproving his bad-conduct discharge.

 CPT M.E.’s affidavit is not rebutted as to appellant’s expressed desire to defer his
confinement. After consulting with his client, CPT M.E. first focused on deferring confinement,
rather than deferring or waiving forfeitures. This is entirely consistent with appellant’s claims
to CPT M.E. that his main goal was to avoid going to jail. After appellant’s request to defer
confinement was denied, CPT M.E. focused his efforts on appellant’s request for disapproval of his
punitive discharge. Throughout this post-trial process, appellant was aware of his post-trial
options concerning deferral and waiver of automatic forfeitures. Appellant also received the Staff
Judge Advocate’s Post-Trial Recommendation (SJAR), which emphasized the military judge’s
encouragement to the convening authority to take steps to “maximize support to the family.” In
spite of this, appellant did not request CPT M.E. to submit any deferral or waiver requests, nor did
he raise any issues in this regard, either personally or through counsel, in his post-trial
submissions. Under these circumstances, we hold appellant did not establish his defense counsel was
ineffective for not sua sponte submitting a request for deferral or waiver of automatic forfeitures.

 CONCLUSION

 In this case, the record compellingly demonstrates the improbability of appellant’s post-trial
factual allegations. Accordingly, we hold that appellant failed to demonstrate that his trial
defense counsel’s performance was deficient.

 On consideration of the entire record, the assigned errors, and the matters personally raised
by appellant pursuant to United States v. Grostefon, 12 M.J. 431 (C.M.A. 1982), we find appellant’s
arguments to be without merit. We hold the findings of guilty and the sentence as approved by the
convening authority correct in law and fact. Accordingly, the findings of guilty and the sentence
are affirmed.

 FOR THE COURT:

 MALCOLM H. SQUIRES, JR.
 Clerk of Court
-----------------------
[1] In United States v. Fordyce, 69 M.J. 501, 503 (Army Ct. Crim. App. 2010), this Court dealt with
a similarly defective PTAR. As we noted in Fordyce, “[a] simple explanation of Article 58b[, UCMJ,]
in appellant’s post-trial rights form, along with an explicit election, might well have mooted this
issue.” Id. at 503 n.2.

[2] During sentencing, the military judge recommended that the convening authority provide clemency
for the benefit of appellant’s wife and child. Following trial, CPT M.E. did not submit a request
to the convening authority for deferral or waiver of appellant’s automatic forfeitures. He did,
however, submit a request to defer appellant’s confinement. That request was denied.