OPINION OF THE COURT
CONN, Senior Judge:
A military judge, sitting as a general court-martial, convicted appellant, contrary to his pleas, of wrongful use of marijuana and *502 larceny, in violation of Articles 112a and 121, Uniform Code of Military Justice, 10 U.S.C. §§ 912a and 921 [hereinafter UCMJ], The military judge sentenced appellant to a bad-conduct discharge, confinement for twelve months, and forfeiture of $500.00 pay per month for six months. The convening authority approved the adjudged sentence.
This case is before the court for review under Article 66, UCMJ, 10 U.S.C. § 866. Appellant asserts ineffective assistance of counsel during the post-trial processing of his ease. Appellant specifically alleges he suffered prejudicial error because his defense counsel submitted clemency matters to the convening authority without input from appellant and failed to submit a request to defer and waive forfeitures. Without reaching the ultimate issue of ineffective assistance, we find appellant has established the requisite showing of possible prejudice and order a new review and action.
BACKGROUND
At his sentencing hearing on 25 February 2009, appellant made an unsworn statement, explaining he had a wife and five children. His enlisted record brief, admitted as a trial exhibit, reflected that three of the children relied on appellant for support, as did his wife, who was unemployed. Appellant explained, because of his conviction, his family was “at risk,” because they would have no financial support.
Trial defense counsel also acknowledged appellant’s family’s financial situation during argument on sentence, stating appellant is “[a] soldier who has responsibilities that far outweigh his paycheck,” When the military judge discussed trial defense counsel’s request for a bad-conduct discharge on his behalf, appellant explained, “It’s in exchange to limiting the confinement because someone has to provide for me and my family because my wife, at this time, she don’t work. And we have five kids altogether.”
On 31 March 2009, the trial defense counsel submitted a petition for clemency pursuant to Rule for Courts-Martial [hereinafter R.C.M.] 1105 and 1106, which stated, “PVT Fordyce is a family man who supports his wife and five step-children. His income is their sole source of support. Currently, his wife is not working as all the children are under 6 years of age.” Counsel went on to argue for clemency in the form of a sentence reduction. She did not request either deferral or waiver of forfeitures on appellant’s behalf. The submission did not include a statement from appellant or any other enclosures.
In support of his allegation of ineffective assistance of counsel, appellant submitted a declaration to this court. In his declaration, appellant asserts two matters. First, appellant claims he had no communications with his defense counsel after his trial, and she afforded him no opportunity to submit clemency matters to the convening authority. Appellant asserts if he had been afforded the opportunity, he would have submitted a personal statement detailing his obligations to his family and explaining his immigrant status, a letter from his mother, and a request for deferral and waiver of forfeitures. Second, appellant specifically avers his trial defense counsel never explained deferral or waiver of forfeitures to him. Appellant states had he known of the option to do so, he would have requested waiver of forfeitures.
Trial defense counsel also submitted an affidavit. In it, she attested to several telephonic conversations with appellant while he was confined. Defense counsel asserts during these conversations appellant approved of the substance of matters submitted on his behalf pursuant to R.C.M. 1105 and elected not to submit a personal statement or other matters. Regarding deferral and waiver of forfeitures, trial defense counsel notes she used a standard appellate rights advice form to explain appellant’s rights to him prior to trial. She states, however, “The Post Trial and Appellate Rights Form (PTAR) does not mention waiver. I cannot specifically recall counseling PVT Fordyce on waiver. Therefore, I believe PVT Fordyce’s allegation may be true as to the failure to advise him regarding waiver of forfeitures.” Counsel goes on to note that “Paragraph 11 of the PTAR contains advice on deferral, and I used this form to advise PVT Fordyce on his post-trial rights, which he later signed ... I know I *503 covered deferral in paragraph 11, and I recall sticking very close to that form.” Trial defense counsel does not aver that appellant made a deferral request, however, nor does she explain why he failed to do so.
DISCUSSION
Strickland v. Washington, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), established a two-part test for ineffective assistance of counsel: an appellant must show both deficient performance and prejudice from that deficiency. Because of the highly discretionary nature of the convening authority’s clemency power, we give an appellant the benefit of the doubt and find there is a material prejudice to the substantial rights of an appellant if there is an error and an appellant makes some colorable showing of possible prejudice. United States v. Lee, 52 M.J. 51, 53 (C.A.A.F.1999).

Failure to Advise on Request to Waive Forfeitures for Dependents

First, we consider appellant’s assertion trial defense counsel did not advise him of his right to request waiver of the forfeitures imposed as a result of his court-martial sentence. When, as here, an appellant submits a declaration under penalty of perjury averring his trial defense counsel never advised him of his opportunity to submit a request to waive forfeitures, we must determine whether the claim of ineffectiveness of counsel can be resolved without recourse to a post-trial evidentiary hearing. Since appellant’s affidavit, as it pertains to the waiver of forfeitures, is not rebutted, this court may decide the legal issue based on the uncontroverted fact appellant was not advised of his opportunity to submit a request for waiver of forfeitures. See United States v. Ginn, 47 M.J. 236, 248 (C.A.A.F.1997) (“[I]f the affidavit is factually adequate on its face to state a claim of legal error and the Government either does not contest the relevant facts or offers an affidavit that expressly agrees with those facts, the court can proceed to decide the legal issue on the basis of those uneontroverted facts.”).
Under Article 58b, UCMJ, 10 U.S.C. § 858b, if an accused has dependents,[1] a convening authority “may waive any or all of the [automatic] forfeitures of pay and allowances ... for a period not to exceed six months,” and such money “shall be paid ... to the dependents of the accused.” See also R.C.M. 1101(d)(1). We note Article 58b, UCMJ has been in effect for more than fourteen years. See National Defense Authorization Act for Fiscal Year 1996, Pub.L. No. 104-106, 110 Stat. 186 (1996). While admittedly a complex statute, our superior court clarified any ambiguities in 2002 when it clearly delineated the relevant provisions for waiver of forfeitures, as well as the interplay of deferral pursuant to Article 57b, UCMJ, 10 U.S.C. § 857b. United States v. Emminizer, 56 M.J. 441 (C.A.A.F.2002). As the court succinctly outlined:
First, upon application of the accused, the convening authority may defer a mandatory forfeiture until the date on which the convening authority approves the sentence under Article 60, and may rescind such deferment at any time. Art. 58b(a)(l); see Art. 57(a)(2). Second, if the accused has dependents, the convening authority has discretion to provide transitional compensation to such dependents for a limited period of time. In such a case, the convening authority may waive all or part of any mandatory forfeitures required by Article 58b(a) for a period not to exceed six months, and the mandatory forfeitures subject to such a waiver are paid directly to dependents of the accused. Art. 58b(b).
Id. at 443-44.
Trial defense counsel’s affidavit explained she advised appellant of certain options listed on an apparently “standard” post-trial and appellate rights form. That form, however, omitted any discussion of waiver of forfeitures for the benefit of dependents. Counsel are responsible for evaluating compliance of standard forms with the current state of the law.[2] Waiver of forfeiture is a *504 well-established provision of law and has been in effect since 1996. Our court, like our superior court in Emminizer, has written opinions emphasizing interpretation and application of this provision. See, e.g., United States v. Moralez, 65 M.J. 665 (Army Ct.Crim.App.2007). It is not a new, novel, or obscure aspect of military criminal law practice. We expect defense counsel to fully inform their clients of this provision and, when appropriate, advocate its application on their clients’ behalf.
It is advisable that a soldier personally request waiver and articulate the reasons for the request. Unlike deferral, however, a court-martialed soldier need not personally request waiver; a defense counsel may request it on an appellant’s behalf, and a convening authority may grant waiver sua sponte. Lieutenant Colonel (Judge) Christopher T. Fredrickson. Deferring and Waiving Forfeitures: Help the Government Help Your Client, Army Lawyer, Dec. 2009 at 44.
Trial defense counsel, in advising appellant, used a standard form ostensibly provided to her to advise her client on post-trial matters. As such, it is difficult to ascertain whether the failure to advise appellant on waiver of forfeitures was a personal rather than institutional shortcoming. Under these circumstances, we decline to make a specific finding that the presumption of professional competence has been overcome. United States v. Alves, 53 M.J. 286, 289 (C.A.A.F.2000). Although we do not conclude trial defense counsel was ineffective, we nonetheless find there was error in the post-trial handling of appellant’s ease, because we are not convinced appellant was “afforded a full opportunity to present matters to the convening authority prior to his action on the case.” United States v. Hawkins, 34 M.J. 991, 995 (A.C.M.R.1992). To prevail on an allegation of post-trial error, appellant must assert prejudice as a result of the error. United States v. Wheelus, 49 M.J. 283, 288 (C.A.A.F.1998). In post-trial matters involving a convening authority’s decision, “there is material prejudice to the substantial rights of an appellant if there is an error and the appellant ‘makes some color-able showing of possible prejudice.’ ” Id. at 289 (quoting United States v. Chatman, 46 M.J. 321, 323-24 (C.A.A.F.1997)).
Regarding prejudice, this court need not decide whether the convening authority would have granted the request for waiver. In this case, it is uncontested that appellant was not advised of the significant and well-established post-trial option to request waiver of mandatory forfeitures pursuant to Article 58b(b), UCMJ for the benefit of his wife and children. Appellant has submitted a declaration averring he would have done so, and established from the record of trial the obvious and logical basis to support his request. Appellant, therefore, established a colorable showing of prejudice. Wheelus, 49 M.J. at 289. On that basis, we order a new review and action.
Though we did not reach a conclusion as to whether appellant’s trial defense counsel was ineffective, we do not suggest approval of counsel’s reliance on a standard form, which omits advice regarding Article 58b. While we are confident a new review and action will fully protect appellant’s interest, the better practice of fully informing appellant of his post-trial rights in writing would have avoided the burden and expenditure of resources that will be occasioned by the new review and action we order here.
While our court has leniently addressed failures by trial defense counsel to inform accused with dependents of the opportunity to submit a request for waiver of forfeitures pursuant to Article 58b, UCMJ, our patience is at a limit. In the future, such failures will be a significant factor when this court evaluates at least the first prong of Strickland related to allegations of ineffective assistance of counsel where an accused claims he was unaware of his right to request waiver of forfeitures for dependents.

*505
Alleged, Denial of Opportunity to Personally Submit Matters

Our decision to order a new review and action moots appellant’s assignment of error related to an alleged lack of post-trial consultation and, specifically, his opportunity to submit matters under R.C.M. 1105 and 1106. If he did not before, appellant will now have such an opportunity. Nonetheless, we wish to take this opportunity to suggest practices that might avoid unnecessary appellate litigation on the issue of post-trial representation, raised with inordinate regularity before our court.[3] Specifically, we strongly encourage adoption of practices, which make a complete record of the post-trial process.
First, when possible, we urge the laudatory practice of some counsel to have an accused co-sign R.C.M. 1105 and 1106 submissions, or at a minimum sign an acknowl-edgement that the matters submitted are all the accused wishes to submit. This is particularly the case where an accused does not provide a personal statement as part of the submission.
Second, we urge a practice, which would demonstrate on the record that appellant received both proper written advice on post-trial rights and the opportunity to submit post-trial matters to the convening authority. In this ease, we note the post-trial and appellate rights form appended to the record substantively informed appellant of his personal opportunity to submit matters pursuant to R.C.M. 1105 and 1106. This is typical of virtually all such similar forms this court reviews. This alone, however, does not fully establish appellant had actual notice of when he needed to submit matters, triggered by receipt of the staff judge advocate recommendation (SJAR) or authenticated record of trial (ROT). R.C.M. 1105(e)(1). At a minimum, the accused must be served with a copy of the SJAR, unless impracticable or the accused affirmatively requests otherwise in writing on the record.[4] R.C.M. 1106(f)(1). A copy must also separately be served on accused’s counsel. Id.
Inexplicably, in appellant’s written rights form, he elected to have the SJAR served only on his counsel. Had appellant not affirmatively waived service of the SJAR, proof of that service in the record would presumptively demonstrate appellant was on notice not only of his right to submit matters, reflected by the written post-trial and appellate lights advice, but also the deadline to do so following receipt of the SJAR. Because this was not done in appellant’s case, trial defense counsel effectively bore the sole responsibility to ensure appellant availed himself of that opportunity.
We note with approval the amendments to the Military Judges’ Benehbook, subsequent to appellant’s trial. Dep’t of Army, Pam. 27-9, Legal Services: Military Judges’ Bench-book, paras. 2-4-2; 2-6-14 (1 Jan. 2010).[5] *506 These changes to a recommended discussion with an accused about post-trial rights now include an inquiry into the accused’s knowledge of what he can submit to the convening authority, including “requests for deferment and waiver of forfeitures” and advice to be actively involved in submission of post-trial matters to the convening authority. Id. This more robust inquiry with an accused strengthens an objective record that an accused has been fully apprised of his or her post-trial and appellate rights.
DECISION
The convening authority’s initial action, dated 2 April 2009, is set aside. The record of trial is returned to The Judge Advocate General for a new staff judge advocate recommendation and a new initial action by the same or a different convening authority in accordance with Article 60(c)-(e), UCMJ, 10 U.S.C. § 860(e)-(e). This remedy will afford appellant the requested opportunity to submit clemency matters, including a request for waiver of forfeitures, to the convening authority.
Chief Judge TOZZI, Senior Judge JOHNSON, Judge HOFFMAN, Judge SIMS, and Judge CARLTON concur.
Judge GIFFORD took no part in the decision of this case.

. We note Army policy disfavors use of the term "dependents" and instead uses "family members.” We use the former term here because that is the language of Article 58b.

. A simple explanation of Article 58b in appellant's post-trial rights form, along with an explicit election, might well have mooted this issue. For example, "If I have financial dependents, I *504 may request the convening authority waive any or all automatic forfeitures of pay and allowances, to be paid to my dependents during a any period of confinement or parole not to exceed six (6) months. I do_do not_have DEERs enrolled dependents. If applicable, I request _do not request_my defense counsel to petition the convening authority to waive automatic forfeitures for the benefits of my depen-demos).”

. See United States v. Scheuerman, 67 M.J. 709, 712 n. 3 (Army Ct.Crim.App.2009); United States v. Galloway, ARMY 20080833 (Army Ct.Crim.App. 15 Apr. 2010) (unpub.); United States v. Kirou, ARMY 20081064 (Army Ct.Crim.App. 8 Apr. 2010) (unpub.); United States v. Howard, ARMY 20080807 (Army Ct.Crim.App. 23 Dec. 2009) (unpub.); United States v. Mercado, ARMY 20080912 (Army Ct.Crim.App. 30 Sept. 2009) (unpub.); United States v. Davis, ARMY 20070808 (Army Ct.Crim.App. 18 Aug. 2009).

. An accused is also entitled to a copy of the ROT, receipt of which would also trigger notice to an accused of the requirement to submit matters under R.C.M. 1105 and 1106. Article 54(d), UCMJ, 10 U.S.C. § 854(d) provides, "A copy of the record of the proceedings of each general and special court-martial shall be given to the accused as soon as it is authenticated." See also R.C.M. 1104(b)(1)(A). However, an accused may elect substitute service of the authenticated record upon his trial defense counsel in accordance with R.C.M. 1104(b)(1)(C), as was the case here.

. 2-4-2 & 2-6-14. POST-TRIAL AND APPELLATE RIGHTS ADVICE (1 January 2010)

MJ: Did your defense counsel explain to you what matters you may submit to the convening authority for his/her consideration under RCM 1105 and RCM 1106?

ACC: (Responds.)

MJ: Did your defense counsel explain to you that under RCM 1105 and RCM 1106 you may submit any matters to the convening authority to include, but not limited to, a personal letter and documents, letters and documents from any other person, requests for deferment and waiver of forfeitures, and any other matter you desire for the convening authority to consider before taking action on your case?

ACC: (Responds.)

*506
MJ: Do you understand that it is your responsibility to keep in contact -with your defense counsel and let him/her know your desires in this regard?

ACC: (Responds.)

MJ: Do you understand that if your defense counsel cannot locate you it will be difficult for him/ her to know what to submit for you to the convening authority?

ACC: (Responds.)

MJ: Now, if your defense counsel tries to contact you but is unsuccessful, do you authorize him or her to submit clemency matters on your behalf to the convening authority as he or she deems appropriate?

ACC: (Responds.)

MJ: _, do you have any questions about your post-trial and appellate rights?

ACC: (Responds.)