# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
KERN, ALDYKIEWICZ, and MARTIN
Appellate Military Judges

**UNITED STATES, Appellee**
**v.**
**Private First Class CAESAR A. LAUREANO**
**United States Army, Appellant**

ARMY 20110957

Headquarters, III Corps and Fort Hood
Gregory A. Gross, Military Judge
Colonel Stuart W. Risch, Staff Judge Advocate


For Appellant:  Colonel Patricia A. Ham, JA; Lieutenant Colonel Imogene M. Jamison, JA; Major Richard E. Gorini, JA; Major Candace N. White Halverson, JA (on brief).

For Appellee:  Major Robert A. Rodrigues, JA; Major Katherine S. Gowel, JA; Captain Sean P. Fitzgibbon, JA (on brief).


14 January 2013

---------------------------------
SUMMARY DISPOSITION
---------------------------------

Per Curiam:

A military judge sitting as a general court-martial convicted appellant, pursuant to his pleas, of absence without leave that was terminated by apprehension in violation of Article 86, Uniform Code of Military Justice, 10 U.S.C. § 886 (2006) [hereinafter UCMJ].  The military judge sentenced appellant to a bad-conduct discharge, confinement for forty-five days, forfeiture of all pay and allowances, and reduction to the grade of E-1.  The convening authority approved the sentence and credited appellant with one day of confinement credit.

Appellant's sole assignment of error for our review under Article 66, UCMJ, is an allegation that he was denied effective assistance of counsel in the post-trial phase of his court-martial.  Prior to the convening authority's action in this case, the only clemency matter submitted pursuant to Rules for Courts-Martial 1105 and 1106, was a two-page memorandum signed by the defense counsel.  This memorandum requested that appellant receive a discharge in lieu of courts-martial under the

provisions Army Reg. 635-200, Personnel Separations: Enlisted Personnel [hereinafter AR 635-200], Ch. 10 (6 June 2005) (i.e., a "Chapter 10 request"). However, there was no separate Chapter 10 request document signed by appellant, nor is there an indication whether appellant desired to personally submit matters along with the request. This is inconsistent with the provisions of AR 635-200.[*] More importantly, the absence of a properly completed and regulatory compliant Chapter 10 request defeated any realistic possibility that the convening authority might choose to administratively separate appellant. The convening authority's only option at action in this case regarding appellant's separation or discharge from the service was to approve or disapprove the punitive discharge. As relief, appellant asks for a new opportunity to submit a post-trial Chapter 10 request.

We have concerns not only with the trial defense counsel's non-compliance with the regulation, but also that there this is no mention in the staff judge advocate's addendum addressing the irregularity. The staff judge advocate merely stated that appellant, through his defense counsel, requested clemency by approval of a discharge under Chapter 10 of AR 635-200 and adhered to his recommendation that the convening authority approve the sentence as adjudged. A more prudent course of action for the staff judge advocate would have been to raise the irregularity with the trial defense counsel and have it corrected, or alternatively, note the irregularity in the addendum and serve that on defense counsel, if necessary.

Our superior court has noted that an accused's best chance for clemency rests with the convening authority. *United States v. Wheelus*, 49 M.J. 283, 287 (C.A.A.F. 1998); *United States v. MacCulloch*, 40 M.J. 236, 239 (C.M.A. 1994). In addition, "the convening authority's obligation to consider defense submissions is uniquely critical to an accused." *United States v. Hamilton*, 47 M.J. 32, 35 (C.A.A.F. 1997). In this case, appellant was denied the opportunity to fully present matters and receive meaningful consideration of his clemency request. *See United States v. Fordyce*, 69 M.J. 501, 504 (Army Ct. Crim. App. 2010). On these facts, we find appellant made a "colorable showing of possible prejudice," *Wheelus*, 49 M.J. at 289, warranting a new review and action.

## CONCLUSION

The convening authority's initial action, dated 23 March 2012, is set aside. The record of trial will be returned to The Judge Advocate General for a new staff judge advocate recommendation and a new action by the same or different convening authority in accordance with Article 60(c)–(e), UCMJ. In addition, appellant will receive assistance from a new defense counsel.

---

[*] We distinguish this from an accused's generalized request for an administrative discharge, which would not mandate a particular form accompany the request.



FOR THE COURT:

MALCOLM H. SQUIRES, JR.
Clerk of Court