# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
KERN, ALDYKIEWICZ, and MARTIN
Appellate Military Judges

**UNITED STATES, Appellee**
**v.**
**Specialist ARRON M. HAMMACK**
**United States Army, Appellant**

ARMY 20101007

Headquarters, Fort Drum
Andrew Glass, Military Judge
Lieutenant Colonel Robert L. Manley, III, Staff Judge Advocate (pretrial & recommendation)
Major Scott E. Hutmacher, Acting Staff Judge Advocate (addendum)

For Appellant: Lieutenant Colonel Imogene M. Jamison, JA; Major Jacob D. Bashore, JA; Captain Jack D. Einhorn, JA (on brief).

For Appellee: Major Robert A. Rodrigues, JA; Captain Sasha N. Rutizer, JA (on brief).

7 February 2013

---------------------------------
SUMMARY DISPOSITION
---------------------------------

Per Curiam:

A military judge sitting as a general court-martial convicted appellant, pursuant to mixed pleas, of drunken operation of a vehicle and assault, in violation of Articles 111 and 128, Uniform Code of Military Justice, 10 U.S.C. §§ 911, 928 (2006) [hereinafter UCMJ]. The convening authority approved the sentence to a bad-conduct discharge, confinement for ten months, forfeiture of all pay and allowances, and reduction to the grade of E-1.

Appellant's sole assignment of error for our review under Article 66, UCMJ, is that he was denied the opportunity to request that the convening authority defer his reduction in rank and his adjudged and automatic forfeitures.[1]

---

[1] Appellant also raises matters pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A. 1982), matters not yet addressed or resolved by this court.

On a standard post-trial and appellate rights advisement form, DCAP Form Three (13 May 2010), appellant indicated that he wanted to request deferral of his reduction in rank, adjudged forfeitures, and automatic forfeitures. However, contrary to appellant's expressed desires, the record fails to reveal that any such deferment request was ever presented to the convening authority. As a result, appellant claims that he was prejudiced and requests that this court order a new review and action. The government does not oppose appellant's request and concedes the propriety of a new review and action. In light of the government's concession, we will grant appellant's requested relief. *See United States v. Fordyce*, 69 M.J. 501 (Army Ct. Crim. App. 2010) (en banc).

The convening authority's initial action, dated 20 July 2011, is set aside. The record of trial is returned to The Judge Advocate General for a new staff judge advocate recommendation[2] and a new action by the same or different convening authority in accordance with Article 60(c)–(e), UCMJ. In addition, appellant will receive assistance from a new defense counsel.

FOR THE COURT:

MALCOLM H. SQUIRES, JR.
Clerk of Court

---

[2] We note that the original recommendation listed, as the third enclosure, "Pretrial Agreement/Quantum." However, appellant pleaded guilty without benefit of a pretrial agreement. This is an obvious error in the recommendation. We further note the following two promulgating order errors: the order states "DNA processing required. 10 U.S.C. Section 1565"; and the Specification of Additional Charge II (i.e., Article 111, UCMJ) alleges an offense "on or about 30 July 2000." The appellant was not convicted of any qualifying offenses requiring DNA processing and the Article 111, UCMJ offense occurred in 2010, not 2000. Considering the relief provided by this court, we need not address whether the obviously erroneous recommendation and promulgating order prejudiced appellant.