# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
COOK, GALLAGHER, and HAIGHT
Appellate Military Judges

**UNITED STATES, Appellee**
**v.**
**Captain KATHRYN T. DEVONSHIRE**
**United States Army, Appellant**

ARMY 20110356

U.S. Army Fires Center of Excellence and Fort Sill
Gregory A. Gross, Military Judge
Colonel Jonathan A. Kent, Staff Judge Advocate

For Appellant: Colonel Patricia A. Ham, JA; Lieutenant Colonel Imogene M. Jamison, JA; Major Richard D. Gorini, JA; Captain Meghan M. Poirier, JA (on brief). Colonel Patricia A. Ham, JA; Lieutenant Colonel Imogene M. Jamison, JA; Major Richard D. Gorini, JA; Captain James F. Ingram, JA (on reply brief).

For Appellee: Lieutenant Colonel Amber J. Roach, JA; Major Katherine S. Gowel, JA; Captain Daniel D. Maurer, JA (on brief).

25 February 2013

------------------------------------
SUMMARY DISPOSITION
------------------------------------

Per Curiam:

A military judge sitting as a general court-martial convicted appellant, pursuant to her pleas, of seven specifications of violating a lawful general order, four specifications of wrongfully using a controlled substance, one specification of wrongfully possessing a controlled substance, and two specifications of wrongfully distributing a controlled substance in violation of Articles 92 and 112a, Uniform Code of Military Justice, 10 U.S.C. §§ 892, 912a (2006) [hereinafter UCMJ]. The military judge sentenced appellant to a dismissal, to be confined for five years, and to forfeit all pay and allowances. Pursuant to a pretrial agreement, the convening authority (CA) approved only so much of the sentence as provided for a dismissal, confinement for six months, and total forfeiture of all pay and allowances. This case is before us for review pursuant to Article 66, UCMJ.

DEVONSHIRE— ARMY 20110356

In her assignment of error,[1] appellant alleges she was denied effective assistance of counsel when her defense counsel failed to request deferment of adjudged and automatic forfeitures pursuant to Article 57(a)(2), UCMJ. While ultimately leaving the issue of ineffective assistance of counsel unresolved, we find appellant has established "the requisite showing of possible prejudice" and therefore, consistent with appellant's request, order a new review and action. *United States v. Fordyce*, 69 M.J. 501, 502 (Army Ct. Crim. App. 2010).

**FACTS**

As part of the post-trial and appellate rights advisement process, appellant and her detailed trial defense counsel, Captain (CPT) S, reviewed and completed a six-page written form two days before trial (App. Ex. IV). This form serves to memorialize that CPT S advised appellant of her post-trial and appellate rights. Pursuant to this form, appellant indicated in writing a desire to request deferment of automatic and adjudged forfeitures (App. Ex. IV at 4). Both appellant and CPT S signed this form (App. Ex. IV at 6). As reflected by the record and post-trial affidavits submitted by appellant and CPT S, a request for deferment of forfeitures was not submitted to the convening authority and the convening authority did not approve a deferment of forfeitures.

Appellant and CPT S[2] have submitted post-trial affidavits (Def. App. Ex. A and Gov't. App. Ex. 1, respectively) that address the issue of why a request for deferment of forfeitures was not submitted. Appellant, pursuant to her affidavit, wanted CPT S to submit a request for deferment on her behalf. Appellant cited to her own financial hardships as well as her continued financial support of her parents to support her reasons for requesting deferment of forfeitures.

In his affidavit, CPT S stated he advised appellant, immediately following her court-martial, that deferral of forfeitures was unlikely due to her "lack of DEERS dependents" and "the overall circumstances of her case based on [his] experience and informal discussions with government counsel." Captain S further stated, in subsequent conversations discussing the preparation of her clemency matters, appellant did not mention deferral of forfeitures because her focus was to achieve "an administrative discharge as opposed to the [adjudged] dismissal." Significantly,

---

[1] APPELLANT WAS DENIED EFFECTIVE ASSISTANCE OF COUNSEL IN THE POST-TRIAL PHASE OF HER COURT-MARTIAL WHEN TRIAL DEFENSE COUNSEL FAILED TO REQUEST DEFERRAL OF FORFEITURES ON APPELLANT'S BEHALF.

[2] Captain S was promoted to Major sometime after trial and signed his affidavit using his new rank. We will continue to refer to him as CPT S for clarity.

2

CPT S does not allege appellant explicitly stated she no longer desired to submit a request to defer forfeitures.

In the R.C.M. 1105 and 1106 matters, CPT S requested clemency on appellant's behalf in the form of disapproving the adjudged dismissal.

## LAW and DISCUSSION

In evaluating ineffective assistance of counsel allegations, we apply the standard set forth in *Strickland v. Washington*, 466 U.S. 668, 687 (1984). This standard requires appellant to demonstrate: (1) "that his counsel's performance was deficient, and (2) that this deficiency resulted in prejudice." *Id*.

Our ability to resolve this post-trial issue is further affected by two factors. First, pursuant to *United States v. Ginn*, 47 M.J. 236, 243 (C.A.A.F. 1997), we are prohibited from "deciding disputed questions of fact pertaining to a post-trial claim, solely or in part on the basis of conflicting affidavits submitted by the parties." Second, we are required to grant relief in regards to post-trial matters that involve a convening authority's decision "if there is an error and the appellant makes some colorable showing of possible prejudice." *Fordyce*, 69 M.J. at 504 (internal citations omitted.)

As reflected in their affidavits, CPT S and appellant are in conflict as to whether appellant implicitly agreed to forgo a request to defer forfeitures. Neither appellant nor CPT S alleges appellant ever explicitly agreed to withdraw her request to defer forfeitures. In applying the principles set forth in *Ginn*, we are not only unable to simply discount appellant's affidavit and decide the issue without further proceedings, but we are also prevented from formally making a finding regarding whether defense counsel's performance was deficient without the benefit of a *Dubay* hearing. However, as our court has previously decided in similarly situated cases,[3] a *Dubay* hearing does not afford the best solution in resolving the issue before us.

In addressing the prejudice prong under *Strickland*, pursuant to Article 57(a)(2), UCMJ and R.C.M. 1101(2) and (3), appellant's counsel could have submitted a request to the convening authority (CA) to defer automatic and adjudged forfeitures. Additionally, a CA's decision to approve a request for forfeiture deferment is discretionary, *United States v. Rosenthal*, 62 M.J. 261, 263 (C.A.A.F 2005) and R.C.M. 1101(3). As such, based on the possibility the CA might have deferred appellant's forfeitures had such a request reached him, coupled with

---

[3] *United States v. Fordyce*, 69 M.J. 501, 502 (Army Ct. Crim. App. 2010); *United States v. Villanueva*, ARMY 20090967 (Army Ct. Crim. App. 28 Mar. 2011); *United States v. Beckner*, ARMY 20080605 (Army Ct. Crim. App. 7 May 2010).

appellant only needing to make a colorable showing of prejudice, we find appellant has established the requisite level of prejudice. *See Fordyce*, 69 M.J. at 503.

In the current case, we are convinced a *DuBay* hearing could not put appellant in a better position than the relief we provide, which happens to be the relief appellant seeks. There is also no need to further explore the issue of ineffective assistance of counsel. Therefore, to protect the interests of justice and promote judicial economy, we order a new review and action.

## CONCLUSION

The convening authority's initial action, dated 30 August 2011, is set aside. The record of trial is returned to The Judge Advocate General for a new SJA recommendation and a new action by the same or a different convening authority in accordance with Article 60, UCMJ. This remedy will afford appellant the opportunity to submit a request for deferment of automatic and adjudged forfeitures.

FOR THE COURT:

MALCOLM H. SQUIRES, JR.
Clerk of Court