# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
KERN, ALDYKIEWICZ, and MARTIN
Appellate Military Judges

**UNITED STATES, Appellee**
**v.**
**Private First Class RANDALL A. WIECK**
**United States Army, Appellant**

ARMY 20110707

Headquarters, I Corps (Rear) (Provisional)
David L. Conn, Military Judge
Colonel Kurt A. Didier, Staff Judge Advocate

For Appellant:  Major Jacob D. Bashore, JA; Captain Stephen J. Rueter, JA (on brief).

For Appellee:  Major Robert A. Rodrigues, JA; Captain Sasha N. Rutizer, JA (on brief).

27 February 2013

--------------------------------
SUMMARY DISPOSITION
--------------------------------

Per Curiam:

A military judge sitting as a special court-martial convicted appellant, pursuant to his pleas, of two specifications of absence without leave in violation of Article 86, Uniform Code of Military Justice, 10 U.S.C. § 886 (2006) [hereinafter UCMJ].  The military judge sentenced appellant to a bad-conduct discharge, confinement for five months, forfeiture of $978.00 pay per month for five months, and reduction to the grade of E-1.  The convening authority approved a sentence to a bad-conduct discharge, confinement for four months, forfeiture of $978.00 pay per month for five months, and reduction to the grade of E-1.  Appellant was credited with eighty-six days of confinement against his sentence to confinement.

Appellant's sole assignment of error for our review under Article 66, UCMJ, is that he was denied the opportunity to request that the convening authority defer his reduction in rank and his adjudged and automatic forfeitures.

On a standard post-trial and appellate rights advisement form, appellant indicated that he wanted to request deferral of his reduction in rank, adjudged

forfeitures, and automatic forfeitures.  However, contrary to appellant's expressed desires, the record fails to reveal that any such deferment requests were ever presented to the convening authority.  As a result, appellant claims that he was prejudiced and requests that this court order a new review and action.  The government concedes the propriety of a new review and action.  In light of the government's concession, we will grant appellant's requested relief.  *See United States v. Fordyce*, 69 M.J. 501 (Army Ct. Crim. App. 2010) (en banc).

While not raised, we also note that Appellate Exhibit V, which should consist of "a copy of the Secretary of the Army's designation action [designating I Corps (Rear) (Provisional) as a GCMCA], as well as the assumption of command by General Miles, the convening authority," is missing from the record.  Considering the relief granted herein, the government will be afforded the opportunity to address the omitted exhibit.

The convening authority's initial action, dated 16 February 2012, is set aside. The record of trial is returned to The Judge Advocate General for a new staff judge advocate recommendation and a new action by the same or different convening authority in accordance with Article 60(c)–(e), UCMJ.  In addition, appellant will receive assistance from a new defense counsel.

FOR THE COURT:

MALCOLM H. SQUIRES, JR.
Clerk of Court

2