# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
COOK, GALLAGHER, and HAIGHT
Appellate Military Judges

**UNITED STATES, Appellee**
**v.**
**Private First Class RYAN R. DAVIDSON**
**United States Army, Appellant**

ARMY 20110512

Headquarters, I Corps (Rear)(Provisional)
William Sowder, Military Judge
Lieutenant Colonel Gregg A. Engler, Acting Staff Judge Advocate

For Appellant: Colonel Patricia A. Ham, JA; Lieutenant Colonel Imogene M. Jamison, JA; Major Richard E. Gorini, JA; Major Meghan M. Poirier, JA (on brief).

For Appellee:  Major Robert A. Rodrigues, JA; Major Catherine L. Brantley, JA (on brief).

23 April 2013

-------------------------------------
SUMMARY DISPOSITION
-------------------------------------

Per Curiam:

A military judge, sitting as a special court-martial, convicted appellant, pursuant to his pleas, of one specification of absence without leave and three specifications of wrongful use of a controlled substance, in violation of Articles 86 and 112a of the Uniform Code of Military Justice, 10 U.S.C. §§ 886, 912a (2006) [hereinafter UCMJ].  The military judge sentenced appellant to a bad-conduct discharge, confinement for 100 days, and reduction to the grade of E-1.  The convening authority approved only so much of the sentence as provided for a bad-conduct discharge, confinement for three months, and reduction to the grade of E-1.

In this case, appellant alleges that he was denied his Sixth Amendment right to effective assistance of counsel in the post-trial phase of his court-martial when his defense counsel failed to submit matters pursuant to Rule for Courts-Martial [hereinafter R.C.M.] 1105/1106 to the convening authority on his behalf.  Instead, in lieu of a request for clemency, appellant's trial defense counsel, after requesting additional time, then submitted a waiver of clemency matters purportedly signed by

appellant.  In his post-trial affidavit, appellant asserts he does not recall signing this document and he did not intend to waive his ability to obtain clemency from the convening authority.  In addition, appellant argues he was not properly advised on the clemency process or even contacted by his defense counsel after the day of trial.  Rather, appellant states his defense counsel met with him on one occasion, the day prior to his court-martial, and she "did not explain the clemency process and [she] did not tell me what I needed to do to apply for it."  Appellant swears that had he been so advised, he would have submitted a request for clemency to the convening authority which included a personal submission by appellant and several letters by his family members.

On 8 January 2013, this court ordered appellant's trial defense counsel to provide a sworn affidavit responding to appellant's allegations of error.  In her post-trial affidavit, defense counsel maintains: she advised appellant of his ability to submit clemency matters immediately following his court-martial on 21 June 2011; appellant signed a waiver of his post-trial rights during this meeting; and she submitted this signed, but undated, waiver on 6 December 2011, the date appellant's clemency matters were due to the convening authority.

In evaluating ineffective assistance of counsel allegations, we apply the standard set forth in *Strickland v. Washington*, 466 U.S. 668, 687 (1984).  This standard requires appellant to demonstrate: (1) "that his counsel's performance was deficient, and (2) that this deficiency resulted in prejudice." *Id*.  Our ability to resolve this post-trial issue is affected by two factors.  First, pursuant to *United States v. Ginn*, 47 M.J. 236 (C.A.A.F. 1997), we are prohibited from "deciding disputed questions of fact pertaining to a post-trial claim, solely or in part on the basis of conflicting affidavits submitted by the parties." *Id*. at 243.  Second, we are required to grant relief in regards to post-trial matters that involve a convening authority's decision "if there is an error and the appellant makes some colorable showing of possible prejudice." *United States v. Fordyce*, 69 M.J. 501, 504 (Army Ct. Crim. App. 2010).

After reviewing appellant's and defense counsel's sworn affidavits, we find the affidavits to be in conflict as to whether appellant knowingly and voluntarily waived his ability to submit clemency matters to the convening authority.  In applying the principles set forth in *Ginn*, we are, thus, not only unable to simply discount appellant's affidavit and decide the issue without further proceedings, but we are also prevented from formally making a finding regarding whether defense counsel's performance was deficient without the benefit of a *Dubay* hearing.  However, a *Dubay* hearing does not afford the best solution in resolving the issue before us.

In this particular case, it is unclear whether appellant knowingly and voluntarily waived his ability to present matters to the convening authority for

2

consideration. Accordingly, to protect the interests of justice and promote judicial economy, we will order a new recommendation and action to ensure appellant is afforded a meaningful and informed opportunity for clemency. *See Fordyce*, 69 M.J. 501. We are convinced a *DuBay* hearing could not put appellant in a better position than the relief we provide, which happens to be the relief appellant seeks. Thus, there is no need to further explore the issue of ineffective assistance of counsel.

## CONCLUSION

The convening authority's initial action, dated 15 December 2011, is set aside. The record of trial is returned to The Judge Advocate General for a new staff judge advocate's post-trial recommendation (SJAR) and new initial action by the same or a different convening authority in accordance with Article 60(c)-(e), UCMJ. Appellant should receive a newly appointed defense counsel to assist with the preparation of his clemency matters.

FOR THE COURT:

MALCOLM H. SQUIRES, JR.
Clerk of Court