# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
KERN, ALDYKIEWICZ, and MARTIN
Appellate Military Judges

**UNITED STATES, Appellee**
**v.**
**Private First Class RYAN A. REED**
**United States Army, Appellant**

ARMY 20110485

Headquarters, III Corps and Fort Hood
James L. Varley, Military Judge
Colonel Stuart W. Risch, Staff Judge Advocate

For Appellant: Colonel Patricia A. Ham, JA; Lieutenant Colonel Imogene M. Jamison, JA; Major Jacob D. Bashore, JA; Major Mary E. Braisted, JA (on brief).

For Appellee: Major Robert A. Rodrigues, JA; Major Daniel D. Maurer, JA; Captain Sean Fitzgibbon, JA (on brief).

30 April 2013

---------------------------------
SUMMARY DISPOSITION
---------------------------------

Per Curiam:

A military judge sitting as a general court-martial convicted appellant, pursuant to his pleas, of desertion and absence without leave, in violation of Articles 85 and 86, Uniform Code of Military Justice, 10 U.S.C. §§ 885, 886 (2006) [hereinafter UCMJ]. The military judge sentenced appellant to a bad-conduct discharge, confinement for ten months, forfeiture of all pay and allowances, and reduction to the grade of E-1. The convening authority approved the adjudged sentence, and credited appellant with fourteen days of confinement against the sentence to confinement.

Appellant's case is now before this court for review pursuant to Article 66, UCMJ. Appellant alleges, *inter alia*, that he was denied his right to request deferral of his adjudged forfeitures, adjudged reduction in grade, and automatic forfeitures. On a standard post-trial and appellate rights advisement form, appellant indicated that he wanted to request deferral of the foregoing, but contrary to appellant's expressed desires, the record fails to reveal that any such deferment requests were ever presented to the convening authority. Furthermore, the appellate filings indicate that appellant never changed his post-trial and appellate rights selections,

and while trial defense counsel requested the convening authority disapprove the forfeitures in the case, there was no request to defer the automatic or adjudged forfeitures or the reduction in rank. Accordingly, after reviewing the record and the appellate filings, we will grant appellant the relief he requests.[*] *See United States v. Fordyce*, 69 M.J. 501 (Army Ct. Crim. App. 2010) (en banc).

The convening authority's initial action, dated 23 March 2012, is set aside. The record of trial is returned to The Judge Advocate General for a new staff judge advocate recommendation and a new action by the same or different convening authority in accordance with Article 60(c)–(e), UCMJ. In addition, appellant will receive assistance from a new defense counsel.

FOR THE COURT:

MALCOLM H. SQUIRES, JR.
Clerk of Court

---

[*] Appellant raises a second assignment of error which we do not reach in issuing this decision.