# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
YOB, CARLTON, and KRAUSS
Appellate Military Judges

**UNITED STATES, Appellee**
**v.**
**Private E1 FREDERICK J. GUENTHER**
**United States Army, Appellant**

ARMY 20110516

Headquarters, III Corps and Fort Hood
Gregory A. Gross, Military Judge
Colonel Stuart W. Risch, Staff Judge Advocate

For Appellant: Colonel Patricia A. Ham, JA; Lieutenant Colonel Imogene M. Jamison, JA; Major Richard E. Gorini, JA; Captain James P. Curtin, JA (on brief).

For Appellee: Major Robert A. Rodrigues, JA; Captain Steve T. Nam, JA (on brief).

28 June 2013

----------------------------------
SUMMARY DISPOSITION
----------------------------------

KRAUSS, Judge:

A military judge sitting as a general court-martial, convicted appellant, pursuant to his pleas, of two specifications of desertion in violation of Article 85, Uniform Code of Military Justice, 10 U.S.C. § 885 (2006) [hereinafter UCMJ]. The military judge sentenced appellant to a bad-conduct discharge, confinement for one year, and forfeiture of all pay and allowances. The convening authority credited appellant with 125 days of confinement against the approved sentence of confinement.

This case is before the court for review under Article 66, UCMJ. Appellant asserts that his counsel was ineffective by failing to advise him of the right to request deferment and waiver of forfeitures. He also notes the judge's failure to ascertain, on the record, whether such advice was properly rendered. As the record demonstrates appellant's interest in providing for the welfare of his family, he argues that counsel's failure to properly advise and the lack of any request for

deferment or waiver of forfeitures establish sufficient prejudice to warrant a new staff judge advocate review (SJAR) and action.

The government concedes, averring that an affidavit from trial defense counsel on the matter would not be worthwhile, and joins appellant in requesting this court return the case for a new review and action following this court's opinion in *United States v. Fordyce*, 69 M.J. 501 (Army Ct. Crim. App. 2010) (en banc).

We agree. The record here fails to satisfactorily establish that appellant was properly advised of his right to request deferment and waiver of forfeitures. In addition, the record amply demonstrates his interest to do so and offers nothing to suggest an informed choice otherwise. Therefore, we conclude that appellant's request for relief and the government's concession are sufficiently well-founded. *Id. See also United States v. Axtell*, __ M.J. __, 2013 WL 2452665, at *3 (Army Ct. Crim. App. 14 Jun. 2013) (distinguishing *Fordyce* where the appellant was properly advised on the record of the right to request deferment and waiver of forfeitures). Appellant will be afforded the opportunity, after consultation with new counsel, to request relief from the effect of the adjudged and automatic forfeitures in his case.

## CONCLUSION

In accordance with above, the action of the convening authority, dated 15 February 2012, is set aside. The record of trial will be returned to The Judge Advocate General for a new SJAR and action by the same convening authority in accordance with Article 60(c)-(e), UCMJ.

Senior Judge YOB and Judge CARLTON concur.

FOR THE COURT:

MALCOLM H. SQUIRES, JR.
Clerk of Court

2