# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
YOB, LIND, and KRAUSS
Appellate Military Judges

**UNITED STATES, Appellee**
**v.**
**Sergeant BRENT J. MCBRIDE**
**United States Army, Appellant**

ARMY 20120316

Headquarters, III Corps and Fort Hood
Kirsten Brunson, Military Judge
Colonel Stuart W. Risch, Staff Judge Advocate

For Appellant:  Colonel Patricia A. Ham, JA; Lieutenant Colonel Imogene M. Jamison, JA; Major Richard E. Gorini, JA; Captain Robert A. Feldmeier, JA (on brief).

For Appellee:  Colonel John P. Carrell, JA; Lieutenant Colonel James L. Varley, JA; Major Catherine L. Brantley, JA; Captain T. Campbell Warner, JA (on brief).

25 November 2013

----------------------------------
SUMMARY DISPOSITION
----------------------------------

KRAUSS, Judge:

A military judge sitting as a general court-martial convicted appellant, pursuant to his pleas, of one specification of failure to obey a lawful general order, one specification of willful dereliction in the performance of duties, and one specification of involuntary manslaughter in violation of Articles 92 and 119, Uniform Code of Military Justice, 10 U.S.C. §§ 892 and 919 (2006) [hereinafter UCMJ].  The military judge sentenced appellant to a dishonorable discharge, confinement for fifty months, and reduction to the grade of E-1.  The convening authority approved only so much of the sentence extending to a bad-conduct discharge and confinement for thirty-six months.

This case is before the court for review under Article 66, UCMJ.  Appellant raises three assignments of error, one of which merits brief discussion, but no relief.  Appellant also raises matters pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A. 1982), none of which merit discussion or relief.

The matter we address involves the nagging difficulties[*] associated with defense counsel submission of requests for waiver of automatic forfeitures. Here, there is no doubt appellant directed his counsel to request waiver of automatic forfeitures. His defense counsel never submitted a request explicitly dealing with "waiver," but rather submitted a request entitled: "Request for Deferment of Automatic Forfeitures and Automatic Rank Reduction." In the body of that request, counsel repeatedly requested the convening authority defer those forfeitures, but he never referred to waiver of forfeitures. However, counsel did explicitly reference the statutory authority for both deferment and waiver of automatic forfeitures in support of the request. In addition, counsel attached a letter from the appellant's wife, who explicitly referenced request for "waiver/deferment" of forfeitures, before requesting the convening authority grant the "request for deferment." Finally, and most importantly, the convening authority explicitly considered the factors relevant to consideration of both deferment and waiver of automatic forfeitures contained separately in Rules for Courts-Martial 1101(c)(3) and 1101(d)(2) before disapproving the request for deferment. Therefore, even if we assume deficiency on the part of defense counsel in this respect, we find that appellant fails to establish the "colorable showing of possible prejudice" necessary for relief in this case. *United States v. Fordyce*, 69 M.J. 501, 503 (Army Ct. Crim. App. 2010). It is plain that the convening authority would disapprove a more distinct request for waiver.

After considering the entire record, the parties' briefs, and those matters personally raised by appellant pursuant to *Grostefon*, the findings of guilty and the sentence are AFFIRMED.

Senior Judge YOB and Judge LIND concur.

FOR THE COURT:

MALCOLM H. SQUIRES, JR.
Clerk of Court

---

[*] We continue to see a variety of problems associated with an appellant's express desire to submit requests for deferment and waiver of automatic forfeitures. This case reveals the apparent confusion of deferment with waiver of automatic forfeitures, a confusion not all too uncommon. The distinction is set forth in Articles 57 and 58b and RCM 1101(c) and 1101(d). This case reminds us as well that a request for waiver of automatic forfeitures need not wait until submission of an accused's matters under R.C.M. 1105.