# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
LIND, KRAUSS, and BORGERDING
Appellate Military Judges

**UNITED STATES, Appellee**
**v.**
**Sergeant JUSTIN R. CROWELL**
**United States Army, Appellant**

ARMY 20120184

Headquarters, Fort Carson
Mark A. Bridges, Military Judge
Colonel John S.T. Irgens, Staff Judge Advocate

For Appellant: Lieutenant Colonel Jonathan F. Potter, JA; Captain A. Jason Nef, JA; Captain J. Fred Ingram, JA (on brief); Colonel Kevin Boyle, JA; Major Amy E. Nieman, JA; Captain Timothy J. Kotsis, JA (on reply brief).

For Appellee: Colonel John P. Carrell, JA; Lieutenant Colonel James L. Varley, JA; Major Robert A. Rodrigues, JA; Captain Steve T. Nam, JA (on brief).

18 March 2014

---------------------------------
SUMMARY DISPOSITION
---------------------------------

Per curiam:

A military judge sitting as a special court-martial convicted appellant, pursuant to his pleas, of failure to report to his appointed place of duty; absence without leave for a period of over 30 days terminated by apprehension; willful disobedience of a superior commissioned officer; violation of a lawful general regulation; and wrongful receipt of stolen property (five specifications) in violation of Articles 86, 90, 92, and 134, 10 U.S.C. §§ 886, 892, 890, and 934, Uniform Code of Military Justice (2006) [hereinafter UCMJ]. The military judge sentenced appellant to a bad-conduct discharge, confinement for eight months, and reduction to the grade of E-1. The convening authority approved the adjudged sentence and credited appellant with 113 days of confinement against the sentence to confinement.

This case is before the court for review under Article 66, UCMJ. Upon review of appellant's assignments of error and those matters personally raised by appellant pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A. 1982), we find only one issue merits discussion and relief.

In his first assignment of error, appellant argues he was denied effective assistance of counsel during the post-trial phase of his court-martial when his defense counsel failed to request deferment or waiver of automatic forfeitures. Appellant asks us to return his case to the convening authority for a new recommendation and action because appellant "was deprived of an opportunity to request and potentially receive meaningful clemency for his and/or his dependents' benefit." Both appellant and trial defense counsel submitted affidavits before this court. Upon our review of the entire record, to include the appellate filings, we are not convinced appellant was "afforded a full opportunity to present matters to the convening authority prior to his action on the case." *See United States v. Fordyce*, 69 M.J. 501, 503-04 (Army Ct. Crim. App. 2010) (en banc). We therefore find a sufficient basis to warrant a new recommendation and action so that appellant may present any request for deferment or waiver of automatic forfeitures.

Appellant's approved sentence did not include any forfeiture of pay, but it did include a sentence to confinement for more than six months. Thus, by operation of Article 58b(a), UCMJ, appellant was subject to automatic forfeitures of two-thirds pay during his period of confinement. Appellant's confinement began on 27 February 2012, and the automatic forfeitures became effective fourteen days later on 12 March 2012. *See* UCMJ art. 58b(a)(1) (citing UCMJ art. 57(a)). Appellant was released from confinement on 24 May 2012. On 26 July 2012, the convening authority took action on appellant's case.

Our remand leaves the convening authority with the option to grant a retroactive deferment or waiver of the automatic forfeitures for the benefit of appellant or his family. *See United States v. Nicholson,* 55 M.J. 551, 552 n.4 (Army Ct. Crim. App. 2001). For every day of approved deferment or waiver between 12 March 2012 and 24 May 2012, appellant or his family could be entitled to the two-thirds pay previously forfeited at his reduced pay grade of E-1. *See* UCMJ art. 58b(a)(1)-(b).

The action of the convening authority, dated 26 July 2012, is set aside. The record of trial will be returned to The Judge Advocate General for a new staff judge advocate post-trial recommendation (SJAR) and a new action by the same or a different convening authority in accordance with Article 60(c)-(e), UCMJ. Appellant should also receive a newly-appointed defense counsel to assist with the preparation of his clemency matters.



FOR THE COURT:

MALCOLM H. SQUIRES, JR.
Clerk of Court