# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
LIND, KRAUSS, and BORGERDING
Appellate Military Judges

**UNITED STATES, Appellee**
**v.**
**Private First Class CLEVELAND J. LEWIS**
**United States Army, Appellant**

ARMY 20110350

Headquarters, 1st Cavalry Division (convened)
Headquarters, III Corps and Fort Hood (action)
Headquarters, Fort Hood (*United States v. DuBay, 17 U.S.C.M.A. 147, 37 C.M.R. 411 (C.M.A. 1967),* hearing)
Jacqueline Emanuel, Military Judge (trial)
Rebecca K. Connally, Military Judge (*DuBay* hearing)
Colonel Mark H. Sydenham, Staff Judge Advocate (pretrial)
Colonel Stuart W. Risch, Staff Judge Advocate (post-trial)
Colonel Richard W. Rousseau, Staff Judge Advocate (*DuBay* hearing)

For Appellant: Colonel Patricia A. Ham, JA; Lieutenant Colonel Imogene M. Jamison, JA; Major Richard E. Gorini, JA (on brief); Major Amy E. Nieman, JA; Captain Sara E. Lampro, JA (additional pleading).

For Appellee: Colonel John P. Carrell, JA; Lieutenant Colonel James L. Varley, JA; Captain T. Campbell Warner, JA (on brief).

19 March 2014

-----------------------------------------------------------------
SUMMARY DISPOSITION ON FURTHER REVIEW
-----------------------------------------------------------------

KRAUSS, Judge:

On 9 May 2011, a military judge sitting as a special court-martial convicted appellant, pursuant to his pleas, of four specifications of absence without leave (AWOL) (one of which alleged termination of the AWOL status by apprehension) and three specifications of failure to go to his appointed place of duty in violation of Article 86, Uniform Code of Military Justice, 10 U.S.C. § 886 (2006) [hereinafter UCMJ]. The military judge sentenced appellant to a bad-conduct discharge, confinement for five months, and reduction to the grade of E-1. The convening

authority approved the adjudged sentence and credited appellant with 42 days confinement against the sentence to confinement.

On 10 January 2013, appellate defense counsel filed a brief on behalf of appellant, which included the following assignment of error:

> TRIAL DEFENSE COUNSEL PROVIDED INEFFECTIVE ASSISTANCE OF COUNSEL IN THE POST-TRIAL PHASE OF [APPELLANT'S] COURT-MARTIAL WHEN TRIAL DEFENSE COUNSEL FAILED TO ADVISE ON OR REQUEST DEFERRAL AND WAIVER OF AUTOMATIC FORFEITURES.

On 23 July 2013, upon motion from government appellate counsel, we ordered appellant's trial defense counsel to provide an affidavit answering a series of questions intended to elicit the facts of the matter involving appellant's request for deferral and waiver of automatic forfeitures.

On 29 August 2013, we ordered a *DuBay* hearing to establish the facts necessary to resolve the matter of ineffective assistance of counsel. The *DuBay* hearing was completed on 18 November 2013. On 27 January 2014, we received the record of trial, which included the military judge's findings of fact and conclusions of law. On 19 February 2014, appellant indicated his intent to submit no further pleadings on the matter.

We complete our review of this case under Article 66, UCMJ, and find no merit to appellant's three assignments of error and matters personally raised pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A. 1982). Appellant's assertion of ineffective assistance of counsel warrants brief remark.

Appellant's complaint is based on the assertion that his trial defense counsel "never advised [him] that I could ask the convening authority to defer or waive the automatic forfeiture of [his] pay or defer the adjudged rank reduction" and that he "would have asked for both deferment and waiver had [he] known about them." The *DuBay* hearing, in conjunction with the record of trial, make abundantly clear that appellant's trial defense counsel did advise him that he could request deferment and waiver of forfeitures and deferment in reduction of rank. In addition, appellant admitted that he was informed by a counselor at the confinement facility of the possibility to secure pay for his dependents, but he did nothing to address or pursue that possibility despite his acknowledgement that it was his duty to maintain contact with his defense counsel over matters of interest to his case. Although defense counsel did not advise appellant whether he should or should not make a request for deferment or waiver, nor did defense counsel positively secure a decision from appellant on the matter, appellant nonetheless fails to meet his burden to establish a basis upon which any relief might be warranted under the circumstances. *See*

2

*Strickland v. Washington*, 466 U.S. 668 (1984); *United States v. Clemente*, 51 M.J. 547 (Army Ct. Crim. App. 1999); *United States v. Fordyce*, 69 M.J. 501 (Army Ct. Crim. App. 2010).

The findings of guilty and the sentence are AFFIRMED.

Senior Judge LIND and Judge BORGERDING concur.

FOR THE COURT:

MALCOLM H. SQUIRES, JR.
Clerk of Court