# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
TOZZI, CAMPANELLA, and CELTNIEKS
Appellate Military Judges

**UNITED STATES, Appellee**
v.
**Specialist ROBERT C. ROLLINS**
**United States Army, Appellant**

ARMY 20121149

Headquarters, Fort Hood
James L. Varley, Military Judge
Colonel Stuart W. Risch, Staff Judge Advocate (advice)
Colonel Richard W. Rousseau, Staff Judge Advocate (recommendation)

For Appellant: Colonel Kevin Boyle, JA; Major Amy E. Nieman, JA; Captain Payum Doroodian, JA (on brief); Major Yolanda McCray Jones, JA; Captain Payum Doroodian, JA (on reply brief).

For Appellee: Colonel John P. Carrell, JA; Major Steven J. Collins, JA; Captain Benjamin W. Hogan, JA (on brief).

12 December 2014

------------------------------------
SUMMARY DISPOSITION
------------------------------------

CAMPANELLA, Judge:

A military judge sitting as a general court-martial convicted appellant, pursuant to his pleas, of one specification of drunken operation of a vehicle and two specifications of negligent homicide, in violation of Articles 111 and 134, Uniform Code of Military Justice [hereinafter UCMJ], 10 U.S.C. §§ 911, 934 (2006). The military judge sentenced appellant to a bad-conduct discharge, confinement for thirty-two months, and reduction to the grade of E-1. The convening authority approved the adjudged sentence.

This case is before this court for review under Article 66, UCMJ. In one of his assignments of error, appellant argues he received ineffective assistance of counsel in the post-trial phase of his court martial when his defense counsel failed to request deferment and waiver of automatic forfeitures. Without reaching the

question of ineffective assistance of counsel, we set aside the convening authority's action. Accordingly, we need not reach appellant's second assignment of error involving dilatory post-trial processing and his personal submissions made pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A. 1982).[1]

Appellant's convictions result from driving drunk and speeding on or about 3 July 2011 outside of Fort Hood, Texas. Appellant had two passengers in his car and was racing with another car. The car went airborne when it crossed some railroad tracks. Upon landing, it skidded into a concrete pole, breaking into three pieces. The two passengers were killed and appellant lost a leg, among other injuries.

In a statement made under penalty of perjury, appellant asserts that he told his civilian defense counsel, Mr. JG, to request a deferment and waiver of forfeitures. Appellant states that he assumed that Mr. JG made the request. Appellant's Post-Trial Advice and Rights form, dated 18 December 2012, also indicates that appellant desired to request waiver of forfeitures at that time. Appellant avers that after his case came before this court for review, he learned that no request was made on his behalf.

Upon order from this court, Mr. JG filed an affidavit in response, where he responds that appellant's primary post-trial concern was to reduce post-trial confinement and to obtain better medical treatment in confinement. Mr. JG indicates that appellant's wife was working, and the loss of appellant's military pay was difficult, but not insurmountable for her. Mr. JG notes the Texas state prosecutors believed appellant received a light sentence from the military and were hesitant to dismiss the state's felony indictment against appellant. To bolster his argument that the state charges be dismissed, Mr. JG explained to the Texas prosecutors the nature and some consequences of appellant's sentence, including the punitive discharge and loss of pay. The Texas prosecutors eventually dismissed the indictment against appellant. Mr. JG indicates that appellant's wife understood his efforts to dismiss the state charges trumped the need to obtain more pay.

These statements are in material factual conflict. We consequently lack a factual predicate to resolve appellant's ineffective assistance of counsel claim. *See United States v. Ginn*, 47 M.J. 236, 248 (C.A.A.F. 1997) (providing several principles to determine whether a court of criminal appeals can resolve conflicting affidavits without ordering further factfinding). None of those *Ginn* factors permit us to resolve the ineffective assistance of counsel claim.

---

[1] The convening authority, in his discretion, might grant relief for a claim of post-trial delay and moot the issue when the record is returned to this court.

2

Ordinarily, given the conflicting statements, we would order a *DuBay* hearing. *See United States v. DuBay*, 17 U.S.C.M.A. 147, 37 C.M.R. 411 (C.M.A. 1967). Under the facts of this case, however, we are confident a *DuBay* hearing could not put appellant in a better position than the relief we provide. Likewise, we are confident there is no need to further delve into the issue of ineffective assistance of counsel. Considering the interests of justice and judicial economy, we order a new review and action.[2]

## CONCLUSION

The convening authority's initial action, dated 3 October 2013, is set aside. The record of trial is returned to The Judge Advocate General for a new staff judge advocate post-trial recommendation (SJAR) and new action by the same or a different convening authority in accordance with Article 60(c)-(f), UCMJ. Appellant should also receive a newly-appointed defense counsel to assist with the preparation of his clemency matters.

Senior Judge TOZZI and Judge CELTNIEKS concur.

FOR THE COURT:

ANTHONY O. POTTINGER
Chief Deputy Clerk of Court

---

[2] It is foreseeable that appellant might not request deferment and waiver of forfeitures upon remand out of concern that the Texas prosecutors might reinstate the felony charges. If no request is made, defense counsel might avoid a subsequent claim of ineffective assistance of counsel by contemporaneously documenting why no request was made. *See United States v. Fordyce*, 69 M.J. 501, 505 (Army Ct. Crim. App. 2010) (en banc) ("[W]hen possible, we urge the laudatory practice of some counsel to have an accused cosign [Rule for Courts-Martial] 1105 and 1106 submissions, or at a minimum sign an acknowledgement that the matters submitted are all the accused wishes to submit.").