OPINION OF THE COURT
ALDYKIEWICZ, Judge:
On 28 February 2012, a military judge sitting as a special court-martial convicted appellant, pursuant to his pleas, of conspiracy to distribute methamphetamines, distribution of methamphetamines, wrongful use of meth-amphetamines, and wrongful use of marijuana, in violation of Articles 81 and 112a, Uniform Code of Military Justice, 10 U.S.C. § 881, 912a (2006) [hereinafter UCMJ]. The convening authority approved the adjudged sentence to a bad-conduct discharge and confinement for 135 days. Appellant was credited with 92 days against his sentence to confinement.
Appellant’s case is before this court for review pursuant to Article 66, UCMJ. Appellant raises one assignment of error, alleging that he was denied his opportunity to request deferment of automatic forfeitures during the post-trial phase of his court-martial. For the reasons discussed below, we find appellant’s allegation to be without merit.
BACKGROUND
On 7 February 2012, three weeks prior to appellant’s court-martial, Captain (CPT) MF discussed appellant’s post-trial rights with him using a standard Defense Counsel Assistance Program (DCAP) Posh-Trial and Ap *664 pellate Rights form (PTAR).[2] The PTAR advised appellant that if convicted and forfeitures were adjudged, he could petition the convening authority to defer those forfeitures. The PTAR also advised appellant that if his sentence included confinement for more than six months or any confinement and a punitive discharge, Article 58b, UCMJ would result in the automatic forfeiture of two-thirds of his pay during his confinement. As with adjudged forfeitures, the PTAR advised appellant he could request the convening authority defer the automatic forfeitures as well.[3]
The PTAR used, however, did not stop at simply advising appellant of his rights regarding deferment and waiver of automatic forfeitures. The PTAR also contained a separate section in which appellant could indicate whether he would like to exercise the rights of which he was just advised, stating in part:
e. I do ... want to request deferment of automatic ... forfeitures.
On 28 February 2012, appellant was convicted and sentenced to a bad-conduct discharge and 135 days of confinement. Although forfeitures were not adjudged, appellant’s sentence resulted in automatic forfeitures. The record is absent of any request to the convening authority on appellant’s behalf to defer those automatic forfeitures.
Following trial, CPT MF submitted clemency matters on appellant’s behalf to the convening authority pursuant to Rules for Courts-Martial [hereinafter R.C.M.] 1105 and 1106. This clemency submission consisted entirely of a memorandum from CPT MF. Appellant did not submit a personal letter with the clemency submission. The memorandum submitted by CPT MF on appellant’s behalf requested that the convening authority disapprove a portion of the findings of guilty as well as appellant’s bad-conduct discharge. The clemency submission is silent regarding automatic forfeitures.
LAW AND DISCUSSION
We reject appellant’s claim of error in the post-trial processing of his case. Appellant’s assertion that his trial defense counsel did not request deferment of his automatic forfeitures is undisputed.[4] However, we conclude that appellant understood his post-trial rights, was competently represented by defense counsel, and, therefore, has failed to demonstrate any error occurred.
Our resolution of this issue turns on the presumption that appellant’s trial defense counsel was competent. In the military, an appellant is guaranteed the effective assistance of counsel during the post-trial phase of their court-martial. United States v. Lee, 52 M.J. 51, 52 (C.A.A.F.1999). “In assessing the effectiveness of counsel we apply the standard set forth in Strickland v. Washington, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), and begin with the presumption of competence announced in United States v. Cronic, 466 U.S. 648, 658, 104 S.Ct. 2039, 80 L.Ed.2d 657 (1984).” United States v. Gooch, 69 M.J. 353, 361 (C.A.A.F.2011). To establish ineffective assistance of counsel, the Strickland standard requires appellant to demonstrate “both (1) that his counsel’s performance was deficient, and (2) that this deficiency resulted in prejudice.” United States v. Green, 68 M.J. 360, 361 (C.A.A.F.2010) (citing Strickland, 466 *665 U.S. at 687, 104 S.Ct. 2052). This Court applies a three-part test to determine whether the presumption of competence has been overcome:
1. Are the allegations true, and, if so, is there any reasonable explanation for counsel’s actions?
2. If the allegations are true, did counsel’s performance fall measurably below expected standards?
3. Is there a reasonable probability that, absent the errors, there would have been a different outcome?
United States v. Polk, 32 M.J. 150, 153 (C.M.A.1991).
In the case before us, appellant has not alleged that his trial defense counsel was ineffective, either in the brief submitted by his appellate defense counsel, in matters submitted pursuant to United States v. Grostefon, 12 M.J. 431 (C.M.A.1982), or by way of sworn affidavit or declaration under the penalty of perjury. Thus, there are no factual assertions that require an assessment of truth under the first part of the Polk test. Instead, appellant cites United States v. Fordyce, 69 M.J. 501 (Army Ct.Crim.App.2010) (en banc), and assigns this error under the rubric of a “lost opportunity.” As appellant points out, in Fordyce this court granted relief when the appellant was not “afforded a full opportunity to present matters to the convening authority prior to his action on the case.” Id. at 504 (quoting United States v. Hawkins, 34 M.J. 991, 995 (A.C.M.R.1992)). Therefore, as styled in the present ease, appellant’s allegation sounds strictly in the claim of error recognized in Fordyce — not in constitutional guarantees to effective assistance of counsel.[5] We have misgivings about the viability of such an approach.
The Fordyce Court was not faced with a naked assertion that the appellant lost his opportunity to request a deferment of forfeitures from the convening authority. In For-dyce, the appellant claimed he was not properly advised by his trial defense counsel about those very rights. The appellant filed a sworn declaration with the court alleging ineffective assistance of counsel, “specifically [averring] his trial defense counsel never explained deferral or waiver of forfeitures to him.” Id. at 502. Consequently, the court ordered a response from the appellant’s trial defense counsel, who filed an affidavit that did not meaningfully disagree with appellant’s assertions. Presented with, at a minimum, a prima facie case of ineffective assistance of counsel, the Fordyce Court declined to decide that issue, instead ruling that there was error in the post-trial handling of appellant’s case that required relief. Id. at 504.
Here, however, appellant has not set forth a prima facie case of ineffective assistance of counsel. See United States v. Moulton, 47 M.J. 227, 229 (C.A.A.F.1997); United States v. Gunderman, 67 M.J. 683 (Army Ct.Crim.App.2009). In fact, appellant does not allege that his trial defense counsel was ineffective. Appellant does not claim that he was improperly advised of his post-trial rights nor has he submitted to this court a sworn affidavit or declaration under the penalty of perjury. Thus, appellant’s case differs significantly from Fordyce.
Unlike Fordyce, appellant’s trial defense counsel properly advised appellant of his post-trial rights, and appellant has not alleged that his trial defense counsel’s performance was deficient. Without such an allegation, we will not invade the attorney-client privilege by ordering an explanation from appellant’s trial defense counsel. See United States v. Ellis, 47 M.J. 20, 22 (C.A.A.F.1997).[6] Therefore, we are circum *666 scribed in our approach to assessing the merit of appellant’s post-trial claim. In Fordyce, the appellant submitted a declaration averring ineffective assistance of counsel, and the court, in turn, ordered a response from his defense counsel. Procedurally, this provided a basis for the court to make post-trial findings of fact. See United States v. Ginn, 47 M.J. 236 (C.A.A.F.1997). The appellate filings in the instant case provide no such basis for fact-finding.
In relation to his claim of error, appellant only established that, twenty-one days prior to his court-martial, he wanted his trial defense counsel to submit on his behalf a request for deferment of automatic forfeitures to the convening authority. This is only supported by the PTAR, which advised appellant of his right to submit a request for deferment of automatic forfeitures. However, the PTAR does not by itself establish that an error occurred in the post-trial handling of appellant’s case. Appellant’s elections on the PTAR, which occurred three weeks prior to court-martial, are fixed in time. We have no way of knowing whether appellant, following trial and on the advice of counsel, decided to forgo submission of such a request. Appellant has not set forth any facts to contradict such a conclusion, and because appellant’s claim rests solely on post-trial representation, the record is devoid of any facts to the contrary.
On the other hand, the record does establish appellant was represented by trial defense counsel throughout the post-trial process, appellant did not complain of automatic forfeitures in his post-trial submissions to the convening authority, and the law presumes appellant’s counsel was competent, e.g., Cronic, 466 U.S. at 658. We will not lightly cast aside that presumption to disturb the result of such an important stage of the court-martial process.
Following Fordyce and based in part on advice contained within that decision, DCAP developed a form to ensure that trial defense counsel properly advise their clients of their post-trial and appellate rights, advice often provided days or weeks before announcement of the sentence. Absent a sworn affidavit or declaration under penalty of perjury that appellant’s trial defense counsel failed to execute appellant’s post-trial wishes, we are unwilling to elevate form over substance and interpret the standard DCAP PTAR as a specific request for deferment (and/or waiver) of forfeitures that must be acted upon by a convening authority, the failure of which would result in a new staff judge advocate recommendation and action upon “some colorable showing of possible prejudice.”[7] United States v. Wheelus, 49 M.J. 283, 289 (C.A.A.F.1998).
CONCLUSION
On consideration of the entire record, and the assigned error, we find appellant’s argument to be without merit. We hold the findings of guilty and the sentence as approved by the convening authority correct in *667 law and fact. Accordingly, the findings of guilty and the sentence are AFFIRMED.
Chief Judge AYRES, Senior Judge KERN, Senior Judge COOK, Judge GALLAGHER, Judge HAIGHT, and Judge MARTIN concur.

. The PTAR is entitled "DCAP Form 3.2 (Sep. 2011) (Post-Trial and Appellate Rights).”

. In addition to advising appellant regarding the right to request deferment of both adjudged and automatic forfeitures, the PTAR advised appellant of his right to request that the convening authority waive Article 58b, UCMJ, automatic forfeitures for the benefit of his dependents, if any.

. Although the parties agree that no deferment request was made, the judges concurring in the result do not, characterizing appellant's elections on the PTAR as an. explicit request for deferment. United States v. Axtell, 72 M.J. 662, 668 (Army Ct.Crim.App.2013) (Krauss, J., concurring in the result). This is incorrect. The PTAR is designed to advise appellant of his rights. It is not addressed to the convening authority and does not make any specific requests. The PTAR simply indicates appellant’s desire to make such a request in the future. In fact, appellant himself does not claim that he made a deferment request by filling out the PTAR; instead, appellant specifically avers before this court that he was denied the "opportunity” to do so.

. The concurring judges would transform appellant's tightly delineated claim of a lost opportunity to request deferment into a claim of ineffective assistance of counsel, despite the fact that appellant chose not to allege ineffective assistance of counsel, brief that issue, or submit an affidavit or declaration under penalty of perjury in support of such a claim. We decline to engage in such a transformation.

. The judges concurring in the result state that this court “may lawfully order appellant’s defense counsel to submit an affidavit to address appellant’s allegations,” finding any attorney-client privilege is waived, in so much as the deferment is concerned, based on the PTAR and appellate pleadings, without any express accusation of ineffective assistance of counsel from appellant. Axtell, 72 M.J. at 669-70. In Ellis, the appellant specifically alleged his defense counsel was ineffective yet failed to support this post-trial *666 claim of ineffectiveness with an affidavit. Faced with an allegation of ineffectiveness, the Ellis Court stated, in no uncertain terms: "[W]e are reluctant to invade the lawyer-client privilege by ordering an explanation from trial defense counsel until appellant personally (not merely through argument of appellate counsel) attacks his counsel.” Id. at 22. It is also telling that the two cases cited by the concurrence in support of invading the attorney-client privilege, United States v. Melson, 66 M.J. 346, 350-51 (C.A.A.F.2008), and United States v. Lewis, 42 M.J. 1, 5-6 (C.A.A.F.1995), both involved allegations of ineffective assistance of counsel in which affidavits were filed by the appellants, not "lost opportunity” claims grounded in Fordyce. On the facts of this case, without more, we decline to direct appellant’s defense counsel to disclose protected information.

. The judges concurring in the result propose that a staff judge advocate: (1) "should at a minimum present the [PTAR] to the convening authority with a recommendation for approval or disapproval in his addendum to the post-trial recommendation”; and (2) upon receipt of an unsupported PTAR, "should ascertain from the defense whether any follow-up documentation is forthcoming and convey that, if not, the request would be presented to the convening authority with recommendation as is." Axtell, 72 M.J. at 670. These propositions not only cut against the basic presumption of defense counsel’s competence but also unnecessarily task staff judge advocates. Neither Fordyce nor the Rules for Courts-Martial require such treatment of a form designed to document notice and advice provided to the accused. See Fordyce, 69 M.J. at 504 n. 2.