CORRECTED COPY

# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
KERN, ALDYKIEWICZ, and MARTIN
Appellate Military Judges

**UNITED STATES, Appellee**
**v.**
**Private E1 MICHAEL A. NICKS**
**United States Army, Appellant**

ARMY 20110658

Headquarters, III Corps and Fort Hood
Patricia H. Lewis, Military Judge
Lieutenant Colonel Craig E. Merutka, Acting Staff Judge Advocate (pre-trial)
Colonel Stuart W. Risch, Staff Judge Advocate (post-trial)

For Appellant:  Major Jacob D. Bashore, JA; Major Kevin F. Sweeney, JA (on brief and supplemental brief).

For Appellee:  Colonel John P. Carrell, JA; Lieutenant Colonel James A. Varley, JA; Captain Sean Fitzgibbon, JA (on brief).

30 September 2013

---------------------------------
MEMORANDUM OPINION
---------------------------------

*This opinion is issued as an unpublished opinion and, as such, does not serve as precedent.*

MARTIN, Judge:

A military judge sitting as a general court-martial convicted appellant, pursuant to his pleas, of two specifications of conspiracy, one specification of making a false official statement, four specifications of larceny, two specifications of forgery, one specification of assault consummated by a battery, and one specification of housebreaking, in violation of Articles 81, 107, 121, 123, 128, and 130, 10 U.S.C. §§ 881, 907, 921, 923, 928, 930, Uniform Code of Military Justice (2006) [hereinafter UCMJ].  The military judge sentenced appellant to a bad-conduct discharge, confinement for two years, total forfeitures, and reduction to the grade of Private (E–1).  The convening authority approved thirteen months confinement, and the remainder of the sentence as adjudged.

This case is before us for review under Article 66, UCMJ. We have considered the record of trial and appellant's three assignments of error. For the first two assignments of error, appellant argues that his defense counsel did not request deferment or waiver of forfeitures, and that his failure to do so constituted ineffective assistance of counsel. Without reaching the ultimate issue of ineffective assistance, we find that appellant has not established a colorable showing of possible prejudice regarding deferment of forfeitures, but has established a colorable showing of possible prejudice regarding waiver of forfeitures. The third assignment of error does not merit discussion or relief.

## I. FACTS

Appellant was represented at the post-trial portion of his court-martial by Captain [hereinafter CPT] JT. In a sworn affidavit, appellant alleges that although his defense counsel never advised him in writing of his right to request that the convening authority defer and/or waive adjudged and/or automatic forfeitures, the defense counsel did advise him of the same rights orally. Appellant further asserts that he asked his defense counsel to seek both deferment and waiver of forfeitures for him, but that his defense counsel failed to do so. Appellant asserts that his chances of receiving forfeiture relief from the convening authority were prejudiced by his trial defense counsel's inaction and that he received ineffective assistance of counsel. Appellant's pleadings and affidavit before this court do not address the balancing test required for deferment of punishment under Rule for Courts-Martial [hereinafter R.C.M.] 1101(c)(3).

On 28 June 2013, we ordered the trial defense counsel, CPT JT, to answer appellant's allegation of ineffective assistance of counsel. In a sworn affidavit, CPT JT agreed with appellant that he orally advised his client of his right to request forfeiture relief. He asserts that he specifically advised appellant that any sentence to confinement of six months or more, or a sentence that included a punitive discharge would result in automatic forfeitures during any period of confinement. He then explained that appellant could petition the convening authority to defer any forfeiture until time of action. He also advised appellant of his right to request waiver for his dependents. Finally, CPT JT asserts that while appellant discussed his dependents and the ability to request deferment and waiver, appellant and his counsel made a tactical decision not to make the request based on his changed family situation.

## II. LAW

This court often considers allegations of error related to deferment of punishment and waiver of forfeitures. For example, in *United States v. Fordyce*, 69 M.J. 501 (Army Ct. Crim. App. 2010) (en banc), the appellant alleged that he received ineffective assistance of counsel when his counsel did not submit a request

to the convening authority to defer and waive forfeitures. 69 M.J. at 502. In that case, both Fordyce and his defense counsel submitted affidavits, but the defense counsel could not recall advising Fordyce about waiver of forfeitures. *Id.* at 502. Without reaching the issue of whether Fordyce's counsel was deficient, this court concluded that appellant had suffered prejudicial error in the post-trial processing of his case. *Id.* at 504-505. Ultimately, this court concluded that appellant was not "afforded a full opportunity to present matters to the convening authority prior to his action on the case." *Id.* at 504 (quoting *United States v. Hawkins*, 34 M.J. 991, 995 (A.C.M.R. 1992)).

Recently, this court examined the format of an appellant's claim of lost opportunity to request deferment and waiver of forfeitures. Specifically, we held that we will not invade the attorney-client privilege without an affidavit or declaration under penalty of perjury from appellant asserting that the defense counsel's performance was deficient. *See United States v. Axtell*, 72 M.J. 662 (Army Ct. Crim. App. 2013) (en banc). Furthermore, this court held that a Post-Trial and Appellate Rights form indicating a desire to request deferment and waiver of forfeitures alone does not set forth a prima facie case of ineffective assistance of counsel. *See id.* at 663-664 (citing *United States v. Moulton*, 47 M.J. 227, 229 (C.A.A.F. 1997); *United States v. Gunderman*, 67 M.J. 683 (Army Ct. Crim. App. 2009)).

We analyze allegations of ineffective assistance of counsel using the standard set forth in *Strickland v. Washington*, 466 U.S. 668, 687 (1984). *See Axtell*, 72 M.J. at 664-665. An appellant must demonstrate that his counsel's performance was deficient – that is, the counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed by the Sixth Amendment. *Id.* An appellant must also demonstrate prejudice. *Id.* In post-trial matters involving a convening authority's decision, there is material prejudice to the substantial rights of an appellant if there is an error and the appellant makes some colorable showing of possible prejudice. *United States v. Lee*, 52 M.J. 51, 53 (C.A.A.F. 1999) (citing *United States v. Wheelus*, 49 M.J. 282, 289 (C.A.A.F. 1998). Both prongs of the *Strickland* test are mixed questions of law and fact. *Strickland*, 466 U.S. at 698. There is no particular order that must be followed in analyzing an ineffective assistance of counsel claim. *United States v. Quick*, 59 M.J. 383, 386 (C.A.A.F. 2004) (citing *Strickland*, 466 U.S. at 697).

## III. DISCUSSION

### A. Failure to Request Deferment of Forfeitures

First, although appellant asserted ineffective assistance of counsel in an affidavit alleging his counsel failed to request deferment or waiver of forfeitures, we conclude that appellant has not established a colorable showing of possible prejudice

flowing from CPT JT's failure to request deferment of forfeitures. Accordingly, we need not address whether CPT JT's performance was deficient as it relates to any deferment of forfeitures.

Ordinarily, adjudged forfeitures included in the sentence of a court-martial take effect on the earlier of the date that is 14 days after the date on which the sentence is adjudged or the date on which the sentence is approved by the convening authority. UCMJ art. 57(a). However, upon application of the accused, the convening authority may defer until action a forfeiture of pay or allowances or reduction in grade that would otherwise become effective on the dates described above. UCMJ art. 57(b).

The President, under his Article 36, UCMJ rule-making authority, has mandated certain requirements for an accused requesting deferment of punishment. A request for deferment must be made in writing. R.C.M. 1101(c)(2). Further, the accused has the "burden of showing that the interests of the accused and the community in deferral outweigh the community's interests in imposition of the punishment on its effective date." R.C.M. 1101(c)(3). The rule provides multiple factors that a convening authority may consider:

> the probability of the accused's flight; the probability of the accused's commission of other offenses, intimidation of witnesses, or interference with the administration of justice; the nature of the offenses (including the effect on the victim) of which the accused was convicted; the sentence adjudged; the command's immediate need for the accused; the effect of deferment on good order and discipline in the command; the accused's character, mental condition, family situation, and service record.

*Id.*

Our prejudice analysis of appellant's ineffective assistance of counsel allegation turns on whether appellant has met two interrelated burdens. Appellant's first burden is the requirement provided by R.C.M. 1101(c)(3). Appellant's second burden is his requirement to make a colorable showing of possible prejudice on appeal. These burdens are interrelated because, as a matter of logic, appellant's burden of establishing a colorable showing of possible prejudice on appeal is inextricably tied to whether appellant has made a showing that the R.C.M. 1101(c)(3) test balances in favor of deferment.

Appellant's pleadings do not mention the balancing test required in R.C.M. 1101(c)(3). He has not balanced – as the President requires – those factors. Appellant's silence on appeal regarding the R.C.M. 1101(c)(3) burden and the

factors articulated therein leads to but one conclusion: appellant has failed to make a colorable showing of possible prejudice.

In making this conclusion, we expressly note that we do not substitute our judgment for the convening authority's judgment. However, the *Strickland* prejudice test necessarily examines whether the outcome would have been different; "the defendant must show that there is a reasonable probability of a different result." *Strickland*, 466 U.S. at 694. Although a "colorable showing of possible prejudice" is arguably a lesser standard, that standard is still outcome focused. Appellant has not shown that his interests and the community's interest in deferral outweigh the community's interest in imposition of the punishment on its effective date or at any point in the post-trial or appellate proceedings. He has therefore not carried his burden of making a colorable showing of possible prejudice.

### B. Failure to Request Waiver of Forfeitures

Unlike deferment, we conclude that appellant has made a colorable showing of possible prejudice regarding waiver of automatic forfeitures.[*] The relevant authorities for waiver of automatic forfeitures are Article 58b, UCMJ and R.C.M. 1101(d). Those authorities lack the allocated burden required for deferment of punishment. Indeed, a convening authority can even grant waiver of automatic forfeitures without a request from the accused. *Compare* UCMJ art. 57a(a) *with* UCMJ art. 58b(b). Similar to adjudged forfeitures, automatic forfeitures take effect 14 days after the date on which the sentence is adjudged. UCMJ art. 58b(a)(1).

Congress established waiver of automatic forfeitures to give convening authorities "discretionary authority 'to provide transitional compensation for the dependants of the accused.'" *United States v. Emminizer*, 56 M.J. 441, 443 (C.A.A.F. 2002) (quoting H.R. Conf. Rep. No. 104-450, at 853 (1996), U.S.C.C.A.N. 1996, pp. 238, 379). Both appellant's affidavit and the record of trial amply reflect that appellant had several dependants and providing them support was a concern of his. Accordingly, we conclude that appellant has met his burden and established a colorable showing of possible prejudice regarding waiver of forfeitures.

However, on the record before us we cannot resolve the first *Strickland* prong as to whether CPT JT was deficient for not requesting waiver of forfeitures. Appellant's and CPT JT's affidavits present materially conflicting versions of the facts. This court cannot decide "disputed questions of fact pertaining to a post-trial claim, solely or in part on the basis of conflicting affidavits submitted by the

---

[*] We note that Article 58b, UCMJ, only permits waiver of automatic forfeitures, and appellant was adjudged total forfeitures. At action, however, the convening authority could disapprove, mitigate, or suspend appellant's adjudged forfeitures and waive the automatic forfeitures for a period of six months.

parties." *United States v. Ginn*, 47 M.J. 236, 243 (C.A.A.F. 1997). Applying the principles set forth in *Ginn*, we are unable to decide whether CPT JT's actions were deficient without further proceedings. *Id.* at 248; *see United States v. DuBay*, 17 U.S.C.M.A. 147, 37 C.M.R. 411 (1967).

Under the facts of this case, we are confident that a *DuBay* hearing could not possibly put appellant in a better position than the relief we provide, as appellant requests that this court remand the case for new post-trial processing. Accordingly, to protect the interests of justice and to promote judicial economy, we will order a new recommendation and action without ruling on the issue of ineffective assistance of counsel. *United States v. Starks*, 36 M.J. 1160, 1164 (A.C.M.R. 1993) (citing *United States v. Spurlin*, 33 M.J. 443 (C.M.A. 1991); *United States v. Sosebee*, 35 M.J. 892 (A.C.M.R. 1992). Our action allows appellant to submit the request for waiver of forfeitures which he alleges he wanted but was never submitted. Notwithstanding our finding of no prejudice with regards to deferment, nothing herein limits appellant from seeking deferment upon remand.

## CONCLUSION

The convening authority's initial action, dated 23 March 2012, is set aside. The record of trial is returned to The Judge Advocate General for a new staff judge advocate post-trial recommendation (SJAR) and new action by the same or a different convening authority in accordance with Article 60(c)-(e), UCMJ. Appellant should also receive a newly-appointed defense counsel to assist with the preparation of his clemency matters.

Senior Judge KERN and Judge ALDYKIEWICZ concur.*

FOR THE COURT:

MALCOLM H. SQUIRES, JR.
Clerk of Court

* Corrected