# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
YOB, LIND, and KRAUSS
Appellate Military Judges

**UNITED STATES, Appellee**
**v.**
**Private First Class JOHNATHAN S. BENDLE**
**United States Army, Appellant**

ARMY 20120170

Headquarters, III Corps and Fort Hood
Kirsten Brunson, Military Judge
Colonel Stuart W. Risch, Staff Judge Advocate

For Appellant: Lieutenant Colonel Imogene M. Jamison, JA; Major Richard E. Gorini, JA; Captain J. Fred Ingram, JA (on brief); Colonel Kevin Boyle, JA; Lieutenant Colonel Peter Kageleiry, Jr., JA; Major Amy E. Nieman, JA; Captain J. Fred Ingram, JA (Motion for Reconsideration).

For Appellee: Lieutenant Colonel Amber J. Roach, JA; Major Katherine S. Gowel, JA; Captain Sean P. Fitzgibbon, JA (on brief).

8 November 2013

---------------------------------------------------------------------
SUMMARY DISPOSITION ON RECONSIDERATION
---------------------------------------------------------------------

KRAUSS, Judge:

A military judge sitting as a general court-martial convicted appellant, pursuant to his pleas, of one specification of assault consummated by a battery and one specification of possession of child pornography in violation of Articles 128 and 134, Uniform Code of Military Justice, 10 U.S.C. §§ 928 and 934 (2006) [hereinafter UCMJ]. The military judge sentenced appellant to confinement for thirteen months and reduction to the grade of E-1. The convening authority approved the adjudged sentence.

Appellant previously assigned two errors, asserting that his plea to possession of child pornography was improvident and that his trial defense counsel were ineffective for failing to request deferral of reduction in rank and deferral and waiver of automatic forfeitures.

BENDLE—ARMY 20120170

On 17 September 2013, this court affirmed the findings of guilty and the sentence. *United States v. Bendle*, ARMY 20120170 (Army Ct. Crim. App. 17 Sep. 2013) (summ. disp.). We rejected appellant's assertion of post-trial ineffective assistance of counsel because he failed to support his contention with affidavit or declaration under penalty of perjury as required under *United States v. Axtell*, 72 M.J. 662 (Army Ct. Crim. App. 2013). On 15 October 2013, appellant requested reconsideration of that decision and offered an unsigned, undated declaration under penalty of perjury, with promise of a signed and dated version forthcoming, in support of his claim of post-trial ineffective assistance now required by *Axtell*. On 30 October 2013, we granted appellant's motion to substitute the signed, dated declaration and attach it to the record. The government offered no further pleadings.

We grant appellant's request for reconsideration. Applying the third principle articulated for resolution of such claims under *United States v. Ginn*, 47 M.J. 236, 248 (C.A.A.F. 1997), we find appellant's requested relief sufficiently well-founded and return the case for a new staff judge advocate review and action where appellant will be afforded the opportunity to request relief from the effect of the reduction and automatic forfeitures in his case. *See United States v. Fordyce*, 69 M.J. 501 (Army Ct. Crim. App. 2010).

The decision of this court in this case dated 17 September 2013 is withdrawn. The action of the convening authority, dated 30 August 2012, is set aside. The record of trial will be returned to The Judge Advocate General for a new staff judge advocate review and a new action by the same or different convening authority in accordance with Article 60(c)-(e), UCMJ.

Senior Judge YOB and Judge LIND concur.

FOR THE COURT:

MALCOLM H. SQUIRES, JR.
Clerk of Court

2