# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
KERN, ALDYKIEWICZ, and MARTIN
Appellate Military Judges

**UNITED STATES, Appellee**
**v.**
**Specialist AARON M. RENTFROW**
**United States Army, Appellant**

ARMY 20110732

Headquarters, United States Army Alaska
Mark A. Bridges, Military Judge
Colonel Randall J. Bagwell, Staff Judge Advocate (advice)
Colonel Tyler J. Harder, Staff Judge Advocate (recommendation)

For Appellant: Lieutenant Colonel Imogene M. Jamison, JA; Major Richard E. Gorini, JA; Captain James P. Curtin, JA (on brief)

For Appellee: Colonel John P. Carrell, JA; Lieutenant Colonel James L. Varley, JA; Major Elisabeth A. Claus, JA; Captain Timothy C. Erickson, JA (on brief)

23 December 2013

--------------------------------
SUMMARY DISPOSITION
--------------------------------

Per Curiam:

A panel of officer and enlisted members sitting as a general court-martial convicted appellant, contrary to his plea, of premeditated murder, in violation of Article 118, Uniform Code of Military Justice, 10 U.S.C. § 918 (2006) [hereinafter UCMJ]. The panel sentenced appellant to a dishonorable discharge, confinement for life with the eligibility of parole, forfeiture of all pay and allowances, and reduction to the grade of E-1. The convening authority approved the adjudged sentence, and credited appellant with two hundred fifty-seven days of confinement against the sentence to confinement.

Appellant's case is now before this court for review pursuant to Article 66, UCMJ. In a signed declaration attached to appellant's brief in support of an assigned error, appellant alleges, *inter alia*, that he was denied effective assistance of counsel in the post-trial phase of his court-martial when the trial defense counsel failed to request a waiver of automatic forfeitures. On a standard post-trial and appellate rights advisement form, appellant indicated that he "request[ed] [his] defense counsel to petition the convening authority to waive automatic forfeitures

for the benefits of [his] dependents." Contrary to appellant's expressed desires, the record fails to reveal that any such waiver request was ever presented to the convening authority. Furthermore, the record reflects that appellant has two dependent daughters and the appellate filings indicate that appellant never changed his post-trial and appellate rights selections.[1] Accordingly, after reviewing the record and the appellate filings, we will grant appellant relief specified in the paragraph below.[2] *See United States v. Fordyce*, 69 M.J. 501 (Army Ct. Crim. App. 2010) (en banc); *see also United States v. Axtell*, 72 M.J. 662 (Army Ct. Crim. App. 2013) (en banc).

## CONCLUSION

The convening authority's initial action, dated 1 June 2012, is set aside. The record of trial is returned to The Judge Advocate General for a new staff judge advocate recommendation and a new action by the same or different convening authority in accordance with Article 60(c)–(e), UCMJ. In addition, appellant will receive assistance from a new defense counsel.

FOR THE COURT:

ANTHONY O. POTTINGER
Chief Deputy Clerk of Court

---

[1] We also note in appellant's post-trial and appellate rights form that appellant indicated he did not want to request deferment of automatic and adjudged forfeitures. Because appellant was adjudged forfeiture of all pay and allowances, we acknowledge the government's position that a request for waiver of forfeitures only applies to automatic forfeitures, and therefore a waiver request alone would have been ineffective without a deferment or disapproval of adjudged forfeitures. However, we disagree with the government's position that appellant suffered no prejudice. Rather, we find appellant's seemingly contradictory elections in this case to indicate an ambiguity that should have been resolved by appellant's defense counsel. Moreover, had the defense counsel requested waiver of automatic forfeitures, he could have easily resolved the issue by simultaneously requesting disapproval of adjudged forfeitures and meeting appellant's intent of requesting a waiver of forfeitures to provide for his dependents.

[2] Appellant raises a second assignment of error which we do not reach in issuing this decision.