# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
LIND, KRAUSS, and BORGERDING
Appellate Military Judges

**UNITED STATES, Appellee**
**v.**
**Staff Sergeant HAMMIE RAGIN, JR.**
**United States Army, Appellant**

ARMY 20121084

Headquarters, Fort Carson
Timothy Grammel, Military Judge
Michael D. Mierau, Jr., Acting Staff Judge Advocate

For Appellant:  Colonel Kevin Boyle, JA; Lieutenant Colonel Peter Kagielery, JA; Major Amy E. Nieman, JA; Major Candace N. White Halverson, JA (on brief).

For Appellee:  Colonel John P. Carrell, JA; Lieutenant Colonel James L. Varley, JA; Major Catherine L. Brantley, JA; Captain Samuel Gabremariam, JA (on brief).

25 April 2014

---------------------------------
SUMMARY DISPOSITION
---------------------------------

Per Curiam:

A military judge sitting as a general court-martial convicted appellant, pursuant to his pleas, of two specifications of desertion terminated by apprehension in violation of Article 85, Uniform Code of Military Justice, 10 U.S.C.§ 885 (2006) [hereinafter UCMJ].  The military judge sentenced appellant to a bad-conduct discharge, twenty-two months confinement, forfeiture of all pay and allowances, and reduction to the grade of E-1.  Pursuant to a pretrial agreement, the convening authority approved only so much of the sentence as provided for a bad-conduct discharge, eleven months confinement, forfeiture of all pay and allowances, and reduction to the grade of E-1.   The convening authority also credited appellant with ninety-four days of confinement against the sentence to confinement.

This case is before the court for review under Article 66, UCMJ.  Appellant assigns one error, asserting that his trial defense counsel was ineffective for failing to request a deferment of the adjudged and automatic forfeitures and the adjudged

and automatic reduction in rank. Appellant offers neither a sworn affidavit nor declaration under penalty of perjury required by this court to entertain the issue. *See United States v. Axtell,* 72 M.J. 662, 665-66 (Army Ct. Crim. App. 2013). Since appellant has failed to present a prima facie case of ineffective assistance of counsel, appellant's claim necessarily fails. *See id.*

On consideration of the entire record, the findings of guilty and the sentence are AFFIRMED.

FOR THE COURT:

MALCOLM H. SQUIRES, JR.
Clerk of Court